J-S04007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

SHAWN CONLEY,

Appellant

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1917 WDA 2014

Appeal from the PCRA Order September 22, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004013-1994

BEFORE:  BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 26, 2016**

Shawn Conley appeals from the September 22, 2014 order denying him PCRA relief.  We affirm.

On November 6, 1995, Appellant was convicted by a jury of robbery, aggravated assault, a firearms violation, and conspiracy in connection with a crime that occurred on October 21, 1993, in which John Napper was the victim.  Appellant and Carlos Colton were tried together while a third co-conspirator, Sedrick Boyd received a separate trial.  Mr. Napper reported that Appellant, Colton, and Boyd forced him into a car at gunpoint and stole items from him.  Mr. Napper started to climb through an open window to escape when the three assailants shot him in the stomach and legs as his

---

* Retired Senior Judge assigned to the Superior Court.

body was hanging over the window. Mr. Napper fell to the ground, and the cohorts ran over him with the car at least twice before speeding away.

Garreth Davis, a constable, testified that he saw Mr. Napper attempting to exit the car through the window and that Appellant, whom Mr. Davis was able to identify, was pulling the victim back into the vehicle. Mr. Davis heard the gunshots, saw Mr. Napper fall to the ground, and witnessed the car driving over him. Mr. Davis pursued Appellant and his fellow cohorts. Their car came to stop due to a collision with another vehicle, and Appellant exited it, pointed a gun at Mr. Davis, and fled.

The case proceeded to sentencing immediately after the jury returned its verdict. The court had the benefit of a presentence report, which indicated that Appellant was affiliated with the Crips gang. Based partially on this gang connection, the trial court elected to "sentence [Appellant] outside of the guidelines" and imposed consecutive sentences on each offense. Appellant was imprisoned for twenty-seven and one-half to fifty-four years. After Appellant's appellate rights were reinstated, we affirmed on January 26, 1998, *Commonwealth v. Conley*, 711 A.2d 1038 (Pa.Super. 1998) (unpublished memorandum), and no further direct review was sought.

Appellant filed a timely PCRA petition, and, after counsel was appointed, counsel filed an amended petition. The court denied relief without a hearing, and on appeal, we remanded for the court to more

thoroughly review Appellant's claims. ***Commonwealth v. Conley***, 809 A.2d 954 (Pa.Super. 2002) (unpublished memorandum). After the court prepared another opinion, we affirmed. ***Commonwealth v. Conley***, 875 A.2d 384 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 885 A.2d 532 (Pa. 2005). Appellant filed a second PCRA petition, which was dismissed, and his appeal from that ruling also was dismissed due to Appellant's failure to provide this Court with a docketing statement.

In the meantime, at a different action number, 13631-1998, Appellant pled guilty to third-degree murder on January 31, 2000, based upon his involvement in the November 5, 1993 murder of Troy Miller. Appellant received a term of imprisonment of ten to twenty years imprisonment, which was imposed consecutively to the sentence that Appellant received herein. Appellant did not appeal that judgment of sentence. On July 27, 2012, Appellant filed a joint PCRA petition at both action numbers. Counsel was appointed, but successfully moved to withdraw. On February 20, 2014, we affirmed the dismissal of that joint PCRA petition. ***Commonwealth v. Conley***, 97 A.3d 808 (Pa.Super. 2014) (unpublished memorandum).

The PCRA petition at issue in this appeal was filed on July 15, 2014 and dismissed on September 22, 2014. Appellant raises two averments: "I. Whether the defendant's sentence is unconstitutional? II. Whether the defendant deserves new proceedings to present his duress defense? (This argument has been waived by the defendant)." Appellant concedes that the

second issue is waived; his first contention pertains to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne,* the Supreme Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before we proceed to the merits of Appellant's contention that his sentence was rendered illegal under *Alleyne*, we must determine whether Appellant's July 15, 2014 PCRA petition was timely filed as that issue implicates our jurisdiction. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. at 992 (quoting *Commonwealth v. Seskey,* 86 A.3d 237, 241 (Pa.Super. 2014)); *see Commonwealth v. Chester*, 895 A.2d 520 (Pa. 2006).

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). Accordingly, we must determine when Appellant's judgment of sentence became final. "A judgment becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, since Appellant did not file a petition for allowance of appeal, his sentence became final on February 25, 1998, thirty days after our January 26, 1998 affirmance on direct appeal. Appellant had until February 25, 1999, to file a timely PCRA petition, and the present July 15, 2014 petition is patently untimely. There are three exceptions to the one-year time bar of § 9545:

 (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

 (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant invokes the after recognized constitutional right exception. He acknowledges that in **Commonwealth v. Miller**, **supra**, we held specifically that, since **Alleyne** has not been held to be retroactive by

either our Supreme Court or the United States Supreme Court, it does not fall within the parameters of the recently-recognized constitutional right exception to § 9545(b)(1). ***Miller***, ***supra***. Appellant asks that we hold his case in abeyance until ***Miller*** is re-visited by the Pennsylvania Supreme Court or the United States Supreme Court. ***Miller*** is controlling case authority, and this panel is bound to follow it. Allowance of appeal was denied in the ***Miller*** case, ***Commonwealth v. Miller***, 947 A.2d 736 (Pa. 2008), and there is no basis upon which to delay resolution of this matter.[1] As the present PCRA petition was untimely filed, relief was properly denied.

Order affirmed.

_____

[1] We also note that there is a problem with Appellant's reliance upon ***Alleyne***. Appellant was not sentenced under a mandatory minimum sentencing provision. Appellant suggests that the fact that he was a member of the Crips gang, impacted on the trial court's decision to sentence him to the statutory maximum; had to be submitted to a jury and proven beyond a reasonable doubt under ***Alleyne***. Appellant's position in this respect is misguided. We have ruled, "The parameters of ***Alleyne*** are limited to the imposition of mandatory minimum sentences, *i.e.,* where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met." ***Commonwealth v. Ali***, 112 A.3d 1210, 1226 (Pa.Super. 2015), *appeal granted on other grounds*, 2015 WL 7763727 (Pa. Dec. 2, 2015). Appellant was not sentenced based upon application of a mandatory minimum sentencing provision and cannot invoke ***Alleyne*** in the first instance.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016