J-S32004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES RICHARDSON, | |
| Appellant | No. 2884 EDA 2015 |

Appeal from the PCRA Order August 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0310462-2003

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED May 11, 2016**

James Richardson appeals from the August 28, 2015 order denying him PCRA relief.  We affirm.

On July 28, 2004, a jury found Appellant guilty of one count each of second-degree murder and aggravated assault, and two counts each of robbery, conspiracy, and possession of an instrument of crime.  On September 9, 2004, the mandatory sentence of life imprisonment was imposed. We affirmed the judgment of sentence, **Commonwealth v. Richardson**, 927 A.2d 657 (Pa.Super. 2007) (unpublished memorandum), and our Supreme Court denied further review on October 4, 2007. **Commonwealth v. Richardson**, 934 A.2d 73 (Pa. 2007).  Appellant filed a timely PCRA petition, counsel was appointed, relief was denied, and that

_____
* Retired Senior Judge assigned to the Superior Court.

denial was affirmed by this Court. **Commonwealth v. Richardson**, 990 A.2d 52 (Pa.Super. 2009) (unpublished memorandum), *appeal denied*, 23 A.3d 541 (Pa. 2011).

On April 8, 2013, Appellant filed a *pro se* PCRA petition, which was dismissed as untimely. This appeal followed. Appellant presents these issues for our review:

> [1.] Did the common pleas court abuse it's discretion by denying the Appellant's post conviction/*habeas* petition stating that the petition was untimely under the time-limitations of the PCRA (ACT), 42 Pa.C.S. § 9545(b)(1) and § 9545(b)(2)?

> [2.] Was the petition timely filed as a petition seeking a writ of *habeas corpus*, as per **Commonwealth v. Judge**, 916 A.2d 511 ([Pa.] 2007)?

Appellant's brief at 1.

Our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015). Any PCRA petition "shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). If a PCRA petition is

untimely, this Court lacks jurisdiction over the petition. ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014); ***see also Commonwealth v. Chester***, 895 A.2d 520 (Pa. 2006).

Herein, our Supreme Court denied allowance of appeal on October 4, 2007, and Appellant's judgment of sentence became final ninety days thereafter, ***Commonwealth v. Harris***, 972 A.2d 1196 (Pa.Super. 2009), or on January 2, 2008. Appellant had until January 2, 2009, to file a PCRA petition, and his 2013 petition is therefore untimely.

Appellant combines argument on his two contentions, maintaining that the timeliness provisions of the PCRA are inapplicable since he was seeking *habeas corpus* relief in the 2013 petition, as permitted by ***Judge***, ***supra***. Therein, our Supreme Court ruled that, if the PCRA does not provide a remedy for the claim presented by a defendant, then the defendant may pursue *habeas corpus* relief. However, the ***Judge*** Court reinforced the well-ensconced principle that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent that a remedy is available under such enactment." ***Id***. at 520; 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); ***Commonwealth v. Turner****,* 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas*

*corpus* and *coram nobis*."); ***see also Commonwealth v. Descardes***, 2016 WL 1249964 (Pa. 2016) (if a defendant's claim is cognizable under the PCRA, the PCRA is the sole method of obtaining collateral review and a PCRA petition is subject to its restrictions).

In the present case, Appellant avers that his lawyer was improperly restricted in his cross-examination of a cooperating Commonwealth witness. Appellant argues the existence of a violation of his Sixth Amendment right to confront witnesses against him and maintains that this violation undermined the truth-determining process by producing a miscarriage of justice. Appellant's brief at 6, 10. Our Supreme Court has observed that a claim that a defendant's constitutional rights were violated is cognizable under the PCRA and therefore the writ of *habeas corpus* is unavailable for such an averment. ***Commonwealth v. Peterkin***, 722 A.2d 638, 640-41 (Pa. 1998) ("Because Peterkin alleges violations of the constitution and of law which undermine the truth-determining process, his claims were cognizable under the PCRA. Pennsylvania's statutory writ of *habeas corpus*, therefore, was not available as to these claims, for Peterkin had a remedy at the PCRA[.]"); 42 Pa.C.S. § 9543(a)(2)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following . . . [t]hat the conviction or sentence resulted from . . . [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case,

so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."). Appellant also suggests that prior counsel was ineffective for failing to pursue this issue. Appellant's brief at 10. All claims of ineffective assistance of counsel are cognizable under the PCRA. **Descardes**, **supra**. Since Appellant's claims are cognizable under the PCRA, it is the sole means by which Appellant may seek relief for his present averments. The court therefore properly ruled that Appellant could not seek *habeas corpus* relief and that his PCRA petition, being untimely, should be dismissed.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/11/2016