J-S43044-15

2015 PA Super 173

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| QUAWI SMITH | |
| Appellant | No. 1892 EDA 2014 |

Appeal from the PCRA Order June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406011-2004

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

OPINION BY GANTMAN, P.J.:                    **FILED AUGUST 19, 2015**

Appellant, Quawi Smith, appeals from the order entered in the Philadelphia Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history are as follows:

> On March [30], 2006, following a bench trial, [Appellant] was found guilty of first-degree murder and possession of an instrument of crime.  On May 19, 2006, this court imposed a sentence of life imprisonment.  On March 27, 2009, the Superior Court affirmed [Appellant's] convictions and sentence.  [Appellant] did not file an appeal with the state Supreme Court.  On December 3, 2009, [Appellant] filed a timely *pro-se* [PCRA] petition, and later hired private attorney Brian McMonagle, Esq., who filed an amended PCRA petition on October 9, 2012.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Subsequently, on January 16, 2014, this court issued a Notice of Dismissal pursuant to [Pa.R.Crim.P. 907] to both [Appellant] and Mr. McMonagle. On June 12, 2014, this court, following consideration and review, formally dismissed [Appellant's] PCRA petition without a hearing. On July 7, 2014, [Appellant] filed a *pro-se* Notice of Appeal, and later that same week, Craig M. Cooley, Esq., was appointed to represent [Appellant] for the appeal of his PCRA dismissal. Thereafter, Mr. Cooley filed a [Rule] 1925(b) Statement, which is the basis for this opinion.[2]

A brief summation of the facts in this case is as follows: On October 21, 2002, Jermaine Daniels, the victim, confronted [Appellant] in front of a Chinese food market at 59th and Belmar Streets in Philadelphia because [Appellant] had attempted to rob [the victim] a few days earlier. [Appellant] and the victim were engaged in a verbal confrontation when [Appellant] withdrew a firearm and shot the victim in the forehead. [Appellant] fired two additional shots as the victim was falling to the ground—one penetrating his heart and lung. As [Appellant] fled, he fired his gun back towards the crowd that quickly gathered. No one else was injured, but the victim died at the scene.

(PCRA Court Opinion, filed January 15, 2015, at 1-2) (internal citations and footnotes omitted).

Appellant raises two issues for our review:

[APPELLANT] HAS A STATE AND/OR FEDERAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS

_____

[2] The court ordered a Rule 1925(b) statement on July 28, 2014, but sent the notice to Mr. McMonagle, who had already withdrawn from the case on July 15, 2014. New counsel claimed he did not receive notice of the Rule 1925(b) order until August 14, 2014. The next day, new counsel filed a petition for an extension of time to file a Rule 1925(b) statement, to which the court did not respond. New counsel filed a Rule 1925(b) statement on behalf of Appellant on October 15, 2014. The court's opinion responds to that statement.

INITIAL-REVIEW POST-CONVICTION PROCEEDINGS. …

THE PCRA COURT VIOLATED [APPELLANT'S] DUE PROCESS RIGHTS BY FINDING THAT [APPELLANT] WAIVED HIS PCRA INEFFECTIVENESS CLAIMS BECAUSE HE FAILED TO PRESENT THEM TO THE PCRA COURT TWENTY DAYS AFTER THE PCRA COURT ISSUED ITS 907 NOTICE. …

(Appellant's Brief at i-ii).[3]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). "[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." **Commonwealth v. Taylor**,

---

[3] Appellant failed to include in his brief a separate statement of questions involved. **See** Pa.R.A.P. 2116. Nevertheless, Appellant presents two issues for review in the table of contents, followed by discussion of those issues with citation to pertinent authorities in a separate argument section of the brief. Consequently, our review is unimpeded. **See Commonwealth v. Carr**, 543 A.2d 1232, 1234 (Pa.Super. 1988) (stating minor defects in brief do not impair appellate court's ability to exercise meaningful review).

933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008); Pa.R.Crim.P. 907(1). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007).

Appellant asserts he had a constitutional right to effective trial and appellate counsel. Appellant avers he needed an effective initial-review PCRA attorney to develop fully and meaningfully present his trial and appellate counsel ineffectiveness claims, which is a federal due process right. Appellant maintains he had a state-created liberty interest in obtaining relief when he filed his *pro-se* PCRA petition based on ineffective assistance of counsel, and the Commonwealth had to afford him reasonable procedures to vindicate his liberty interest in obtaining relief based on trial counsel's ineffectiveness. Appellant asserts he had a federal due process right to an effective PCRA attorney to uphold this state-created liberty interest.

Appellant also contends his rule-based right to effective initial review PCRA counsel qualifies as a state-created liberty interest under federal due process principles. Appellant insists the PCRA court's Rule 907 Notice and twenty-day response period were fundamentally inadequate because the notice did not inform Appellant of: (1) his right to effective PCRA counsel;

(2) his right to challenge PCRA counsel's effectiveness, which must be brought within the response period; and (3) that a failure to file timely PCRA counsel ineffectiveness claims results in waiver of those claims. Appellant submits the absence of these principles in the PCRA court's Rule 907 notice violated his due process rights and rendered his waiver of claims unintelligent and unknowing because an indigent prisoner cannot waive his PCRA counsel ineffectiveness claims based on the bare information provided in the court's Rule 907 notice. Appellant concludes that this Court must remand his case to the PCRA court with instructions to review and adjudicate Appellant's claims of PCRA counsel's ineffectiveness which Appellant raised for the first time in his Rule 1925(b) statement. We disagree.

As a prefatory matter, we observe that due process requires the post-conviction process to be fundamentally fair, even though procedural due process protections for PCRA proceedings are less stringent than they are for a trial or direct appeal. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.* at 398, 930 A.2d at 1273.

Pennsylvania law makes clear:

> While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a [petitioner's] first petition for post conviction relief. Pursuant to our procedural rule, not only does a PCRA petitioner have the

"right" to counsel, but also he has the "right" to effective assistance of counsel. The guidance and representation of an attorney during collateral review should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

***Commonwealth v. Haag***, 570 Pa. 289, 307-08, 809 A.2d 271, 282-83 (2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003) (internal citations and most quotations marks omitted). The rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the PCRA petition. ***Commonwealth v. Quail***, 729 A.2d 571, 573 (Pa.Super. 1999); Pa.R.Crim.P. 904(E). "[O]nce counsel has entered an appearance on a [petitioner's] behalf he is obligated to continue representation until the case is concluded or he is granted leave by the court to withdraw his appearance." ***Id.***

Rule 907 controls the disposition of a PCRA petition without a hearing and states in relevant part:

**Rule 907. Disposition Without Hearing**

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may

- 6 -

respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

\*    \*    \*

(4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(1), (4). The purpose of a Rule 907 pre-dismissal notice is "to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa.Super. 2012), *appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013). The response to the Rule 907 notice "is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment." *Id.* The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. *Id.* When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal. *Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011).

"[A]bsent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." **Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa.Super. 2012). A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim. **Commonwealth v. Pitts**, 603 Pa. 1, 9 n.4, 981 A.2d 875, 880 n.4 (2009). **See also Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super. 2014) (waiving Appellant's claim of ineffectiveness of derivative PCRA counsel for failure to assert it in response to Rule 907 notice); **Ousley, supra** at 1245 (stating **Pitts** prohibits this Court's review of petitioner's ineffectiveness of PCRA counsel claim, where issue was raised for first time in PCRA appeal). With respect to the petitioner's duties, PCRA claims are more civil than criminal in nature, which places the burden of moving the case forward on the party in the plaintiff's position, who in this context is the PCRA petitioner. **Commonwealth v. Renchenski**, 616 Pa. 608, 620, 52 A.3d 251, 258 (2012). The petitioner bears the burden of pleading and proving claims on their merits, and demonstrating timeliness of a petition. **See** 42 Pa.C.S.A. §§ 9543(a), 9545(b).

In the instant case, Appellant filed a timely *pro-se* PCRA petition and hired a private attorney, who filed an amended PCRA petition on October 9, 2012. Subsequently, on January 16, 2014, the PCRA court issued Rule 907

notice to both Appellant and his privately-retained counsel. The Rule 907 notice indicated the court intended to dismiss the petition for lack of merit. The court also informed Appellant and his counsel that they had twenty days to respond to the notice. No response was filed.

Almost five months later, on June 12, 2014, the PCRA court formally dismissed Appellant's PCRA petition without a hearing. Appellant filed a *pro-se* notice of appeal on July 7, 2014. The PCRA court appointed new counsel on July 11, 2014, to represent Appellant for the appeal of his PCRA dismissal; and Appellant's privately-retained counsel withdrew from the case on July 15, 2014. The court ordered Appellant on July 28, 2014, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) but sent the notice of the order to privately-retained counsel who had already withdrawn. Newly appointed counsel claimed he did not receive notice of the Rule 1925(b) order until August 14, 2014. The next day, new counsel filed a petition for an extension of time to file a Rule 1925(b) statement, to which the court did not respond. New counsel filed a Rule 1925(b) statement on behalf of Appellant on October 15, 2014.

Initially, we conclude the PCRA court's Rule 907 notice was adequate where the court advised the parties of its reasons for dismissal and informing them of the twenty-day time limit to file a response to the notice. Here, the PCRA court's Rule 907 notice indicated the reason for dismissal was Appellant's issues lacked merit and alerted Appellant to the twenty-day

response period. The court sent the Rule 907 notice to Appellant, Appellant's counsel, and the District Attorney's Office. The rule does not impose on the court any duty to explain to Appellant how to proceed or respond to the notice.

Appellant had an affirmative duty to preserve his claims. If Appellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court to learn the correct procedure. Instead, Appellant did nothing in the almost five months between the court's Rule 907 notice and dismissal of the petition. Thus, Appellant's substantive issues concerning PCRA counsel's assistance are waived, because Appellant failed to respond to the PCRA court's Rule 907 notice at any time before the court dismissed his petition. **See Rykard, supra**; **Ousley, supra**; Pa.R.Crim.P. 907. Once Appellant filed a notice of appeal, he waived his right to complain about PCRA counsel's stewardship, because Appellant was unable to raise those claims for the first time in his Rule 1925(b) statement.

Moreover, throughout the PCRA proceedings Appellant, as petitioner, bore the burden to plead and prove his claims. **See** 42 Pa.C.S.A. §§ 9543(a), 9545(b); **Renchenski, supra** (reiterating that petitioner has duty to meet provisions of PCRA). **See, e.g., Commonwealth v. Bardo**, ___ Pa. ___, 105 A.3d 678 (2014) (explaining counsel is presumed effective and petitioner bears burden to prove ineffective assistance of counsel); **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009) (noting

- 10 -

petitioner must satisfy rigorous burden to warrant evidentiary hearing for claims); *Commonwealth v. Clark*, 599 Pa. 204, 961 A.2d 80 (2008), *cert. denied*, 558 U.S. 1082, 130 S.Ct. 810, 175 L.Ed.2d 569 (2009) (stating petitioner bears burden to demonstrate his issues have not been previously litigated or waived). *Compare Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125 (2009) (plurality) (stating where PCRA petitioner in capital case had evidentiary hearing on his PCRA claims, and Rule 907 notice was not implicated, petitioner could raise ineffective assistance of PCRA counsel claims for first time on appeal from denial of PCRA relief). Given Appellant's affirmative duties to preserve his claims of PCRA counsel's service, in the context of Rule 907 notice, Appellant cannot shift the burden to the court to instruct Appellant how to do so.

Notwithstanding Appellant's rule-based right to effective assistance of PCRA counsel, we further observe that the PCRA is a creature of legislative bounty, bearing no "constitutional" Sixth Amendment right to effective assistance of counsel during collateral review. *See Haag, supra*. Neither the Commonwealth nor the court had any duty to instruct Appellant on how to preserve his claims of ineffective assistance of counsel, including PCRA counsel. In the framework of Rule 907 notice, the law makes clear Appellant had to preserve his claims of PCRA counsel's ineffectiveness in a response to the notice. *See Pitts, supra*; *Rykard, supra*. Appellant's Rule 1925(b) statement could not be used as the vehicle to raise his issues for the first

- 11 -

time. Furthermore, although the certified docket entries indicate new counsel filed another PCRA petition on Appellant's behalf, no court could consider the second PCRA petition (that he filed while the current first petition was pending on appeal) as a resource for preservation of his claims. *See Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585 (2000) (holding court has no jurisdiction to review second PCRA petition, filed while appeal from first PCRA petition is still pending).

Based upon the foregoing, we hold that in the context of Rule 907 notice, Appellant as PCRA petitioner had the duty to raise any claims of ineffective assistance of PCRA counsel in a response to the notice. Once the PCRA court finally adjudicated Appellant's petition, any claims not properly preserved in a response to the Rule 907 notice were waived and could not be raised for the first time in Appellant's Rule 1925(b) statement or in a second PCRA petition filed while the first PCRA petition was still pending on appeal. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judge Panella joins this opinion.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/2015</u>