J-S67043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TUAN ANH LE, | |
| Appellant | No. 1098 MDA 2015 |

Appeal from the PCRA Order May 27, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001638-2013

BEFORE: BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 29, 2015**

Appellant, Tuan Anh Le, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following facts from our review of the certified record. On August 30, 2013, the Commonwealth filed an information charging Appellant with failure to register or to provide accurate information pursuant to sexual offender registration requirements of Megan's Law III.[1]

On November 18, 2013, Appellant entered a negotiated guilty plea to the charges. The same day, pursuant to the agreement, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915(a)(1) and (a)(3), respectively.

sentenced him to an aggregate term of not less than two nor more than four years' incarceration. No direct appeal was filed.

Appellant filed a timely *pro se* PCRA petition on July 22, 2014. Appointed counsel filed an amended petition on September 11, 2014, which the court denied on May 27, 2015 after a hearing. Appellant timely appealed. The PCRA court did not order Appellant to file a Rule 1925(b) statement of errors alleged on appeal, but it filed a Rule 1925(a) opinion on July 9, 2015 in which it relied on its May 27, 2015 opinion. **See** Pa.R.A.P. 1925.

Appellant raises one issue for our review:

> In a PCRA action filed within one year of [Appellant's] conviction, is not [Appellant] entitled to an order vacating the sentence and discharging [him] from further prosecution under this docket number because the Pennsylvania Supreme Court after the date of [Appellant's] conviction struck down as [un]constitutional the offense statute (18 Pa.C.S.[A.] §[]4915) [(Megan's Law III)] under which [Appellant] was convicted?

(Appellant's Brief, at 4) (most capitalization omitted).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citation omitted). "Of course, if the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary."

*Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (internal quotation marks and citation omitted).

The PCRA provides, in pertinent part:

To be eligible for relief . . . the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the conviction or sentence resulted from . . . [a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S.A. § 9543(a)(2)(i).

Here, Appellant claims that Megan's Law III, under which he was sentenced, is void *ab initio*, resulting in an unconstitutional sentence because it is as if the offense for which he was convicted never existed. (*See* Appellant's Brief, at 9-18). Appellant premises his issue on the Pennsylvania Supreme Court case, *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). (*See id.*). Specifically, Appellant claims that, "[t]o the extent that [his] issue . . . must be analyzed in terms of the retroactive application of *Neiman* to a case on collateral review,[2] *Neiman* is clearly retroactive because it handed down a new substantive rule." (*Id.* at 15) (emphases omitted). Appellant's claim does not merit relief.

---

[2] Appellant first maintains that, because his PCRA petition was timely, *Neiman* should be applied as if this were a direct appeal. (*See* Appellant's Brief, at 13-15). However, he provides absolutely no legal authority supporting the proposition that, where a PCRA petition is timely filed, it is to be treated as a direct, rather than a collateral review, and we are not aware of any. This argument lacks merit.

It is well-settled that:

The seminal test in determining whether a constitutional rule warrants retroactive application during collateral review was delineated in **Teague v. Lane**, 489 U.S. 288 [] (1989) (plurality), which was subsequently adopted by a majority of the Supreme Court. **See Commonwealth v. Lesko**, [] 15 A.3d 345, 363 (2011). Under the **Teague** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

**Commonwealth v. Riggle**, 119 A.3d 1058, 1065 (Pa. Super. 2015)

(quotation marks and some citations omitted).

As further explained by the **Riggle** Court:

Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons. Concomitantly, the Supreme Court has made clear that rules that regulate only the manner of determining the defendant's culpability are procedural. A constitutional criminal procedural rule will not apply retroactively unless it is a watershed rule that implicates the fundamental fairness and accuracy of the criminal proceeding.

**Id.** at 1066 (citations, quotation marks, and emphases omitted).

On December 16, 2013, the Pennsylvania Supreme Court ruled in **Neiman** that Act 152 of 2004 (Act 152), which included the provisions of Megan's Law III, violated the single subject rule of Article III, Section 3, of

the Pennsylvania Constitution.[3] *See Neiman*, *supra* at 613. In striking down Act 152, the Court observed:

> [A]s we have observed previously in striking down other legislation which violated Article III, Section 3, nothing . . . precludes the General Assembly from enacting similar provisions in a manner consistent with the Constitution. . . . [S]ince we find merit in the General Assembly's suggestion that our decision abrogating the entirety of Act 152 will have a significant impact on a wide variety of individuals and entities which have ordered their affairs in reliance on its provisions, we will stay our decision, as we have done under similar circumstances, in order to provide a reasonable amount of time for the General Assembly to consider appropriate remedial measures, or to allow for a smooth transition period.

*Id.* at 616 (citations and quotation marks omitted). The Court further stated:

> We stress, however, that this action should, in no way, be read as a repudiation of the merits of the various legislative components of Act 152 such as Megan's Law III, which serves a vital purpose in protecting our Commonwealth's citizens and children, in particular, from victimization by sexual predators.

*Id.* at 615.

Applying the *Teague* framework, we agree with Appellant that *Neiman* announced a new substantive rule when it struck down Act 152 as unconstitutional. (*See* Appellant's Brief, at 15-16). However, our inquiry does not end there.

---

[3] Pursuant to Article III, Section III of the Pennsylvania Constitution: "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Pa. Const. Art. 3, § 3.

Consistent with its above reasoning, the **Neiman** Court stayed its decision and the abrogation of Act 152 for ninety days. **See id.** at 616. On March 14, 2014, the Legislature passed Act 19 with a retroactive effective date of December 20, 2012. Act 19 amended the sexual offender registration requirements imposed by the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, and included a declaration by the Legislature that "[i]t is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in **Commonwealth v. Neiman** [] by amending this subchapter in the act of March 14, 2014 (P.L. 41, No. 19)." 42 Pa.C.S.A. § 9799.11(b)(3).

In other words, the Court in **Neiman** did not merely strike down Act 152, and hence Megan's Law III. With the enactment of Act 19, the Legislature addressed **Neiman**'s concerns by retroactively amending SORNA and again criminalizing the conduct for which Appellant was convicted, retroactive to December 20, 2012. Therefore, Appellant is not entitled to benefit from the new rule announced in **Neiman** where his sentence was not illegal under the law existing at the time of his November 18, 2013 conviction.

Accordingly, Appellant's claim that the holding in **Neiman** renders his conviction void fails. The PCRA court properly denied his petition as a matter of law. **See Smith**, **supra** at 1052.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015