J-S48006-16
J-S48007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE WAYNE BROOKS | |
| Appellant | No. 842 WDA 2015 |

Appeal from the PCRA Order April 20, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008889-1975

| | |
|---|---|
| | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE RAHSAAN BROOKS | |
| Appellant | No. 188 WDA 2016 |

Appeal from the PCRA Order November 5, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008889-1975

BEFORE:  BOWES, DUBOW AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J:                    **FILED JUNE 24, 2016**

George Wayne Brooks a/k/a George Rahsaan Brooks appeals from two orders denying him relief in this 1975 criminal case.[1]  We affirm.

Appellant was sentenced to life imprisonment after a jury convicted him on May 18, 1976, of second-degree murder and robbery.  The victim, Michael Miller, was killed during a robbery, and, before he died, Miller identified Appellant as his assailant.  On direct appeal, we affirmed. ***Commonwealth v. Brooks***, 484 A.2d 811 (Pa.Super. 1984) (unpublished memorandum).  Appellant filed three unsuccessful petitions under the now-repealed Post Conviction Hearing Act.  He then filed five fruitless PCRA petitions.  In a 2006 appeal from denial of his first PCRA petition, we concluded that Appellant's judgment of sentence became final on February 5, 1982, and that a PCRA petition filed on June 16, 2004, was untimely. ***Commonwealth v. Brooks***, 898 A.2d 1124 (Pa.Super. 2006) (unpublished memorandum)

The petitions pertinent to this appeal include another PCRA petition, and a document labeled as a misconduct complaint against the district attorney.  The trial court properly treated both requests for relief as PCRA petitions and dismissed them as untimely.  42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral

---

[1]  We note that the appeal from the April 20, 2015 order is considered timely under the prisoner mailbox rule.

- 2 -

relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); 42 Pa.C.S. § 9545(b)(1) (all PCRA petitions must be filed within one year of when a PCRA petitioner's judgment of sentence becomes final). These appeals followed.

This Court's "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015). Herein, at 842 WDA 2016, Appellant's arguments are indecipherable, and we are unable discern the grounds upon which he is challenging his judgment of sentence. Critically, Appellant fails to indicate either how his request for relief falls outside of the ambit of the PCRA or how the PCRA petition in question was timely. 42 Pa.C.S. § 9545(b)(1) (PCRA petitioner has burden of pleading and proving that one of the three exceptions to the one-year time bar apply to his claim).

In his brief at 188 WDA 2016, Appellant avers that his sentence his illegal; any averment regarding the legality of a sentence must be brought in a timely PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); ***see also Commonwealth v. Jackson***, 30 A.3d 516

(Pa.Super. 2011).  Again, in this brief, Appellant invokes no exception to the one-year time bar outlined in § 9545(b)(1).  Hence, we affirm.

Orders affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016