J-S13019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO COURTLIN PARKER | |
| Appellant | No. 821 WDA 2015 |

Appeal from the PCRA Order entered April 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007624-2009

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 10, 2016**

Appellant, Mario Courtlin Parker, appeals from the April 22, 2015 order entered in the Court of Common Pleas of Allegheny County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Subsequent to filing his appellate brief, Appellant filed a petition for remand contending an evidentiary hearing is warranted in light of after-discovered evidence consisting of a witness's affidavit recanting trial testimony.[1]  For the reasons that follow, we deny Appellant's petition and affirm the April 22, 2015 order denying PCRA relief.

Following a trial that began on June 29, 2010 and concluded on July 2,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth did not file a response to the petition.

2010, a jury convicted Appellant of the May 2009 murders of sisters Rachel and Daneen Robinson at their home in the Hazelwood section of Pittsburgh. On September 20, 2010, the trial court sentenced Appellant to two life sentences plus twenty to forty years' imprisonment for additional convictions of burglary, violations of the firearms act, unlawful restraint, and criminal conspiracy. On March 5, 2013, this Court affirmed his judgment of sentence. Appellant filed a petition for allowance of appeal to our Supreme Court, which denied the petition on July 31, 2013. *Commonwealth v. Parker*, 2013 WL 11273762 (Pa. Super. March 5, 2013), *appeal denied*, 72 A.3d 602 (Pa. 2013).

Appellant filed a timely *pro se* PCRA petition on March 17, 2014. Following substitution of counsel and the filing of an amended petition, the PCRA court dismissed the petition without a hearing on April 22, 2015. This timely appeal followed.

Appellant presents one issue for our consideration:

Whether the lower court erred in denying [Appellant's] PCRA petition without granting a hearing, finding that there were no genuine issues of material fact and that the issues raised were without merit.

Appellant's Brief at 3.

Before addressing Appellant's issue, we shall address his petition for remand. As noted, Appellant asks this Court to remand to the PCRA court for an evidentiary hearing based on an unsworn February 23, 2016 affidavit obtained from Commonwealth trial witness, D'Andre Freeman ("Freeman").

In the affidavit, Freeman states that despite his preliminary hearing and trial testimony identifying Appellant as one of two gunmen involved in the Robinson murders, he actually did not recognize either gunman. He claims that Appellant's trial counsel never contacted him prior to trial and that his first discussion about the case with anyone other than the police took place in April of 2015 when an investigator for Appellant contacted him. Affidavit, 2/23/16, at ¶ 7. Freeman contends he was not ready to talk with anyone at that time so he told the investigator that his trial testimony was the truth. *Id.* The first time he told anyone he identified "the wrong person" was on February 11, 2016, when he met with Appellant's PCRA counsel. *Id.* at ¶ 8. In his affidavit, Freeman states he "do[es] not believe" Appellant was one of the gunmen responsible for the Robinson murders and he is willing to testify to that effect under oath. *Id.* at ¶ 9.

In *Commonwealth v. Smith, J.M.*, 17 A.3d 873 (Pa. 2011), our Supreme Court reiterated that:

> [W]hen a petitioner is seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Id.* at 887 (citations omitted). In *Smith*, our Supreme Court agreed with the PCRA court that the witness's statement did not constitute after-discovered evidence because the appellant did not aver that he "could not

- 3 -

have obtained [the witness's] recantation or the circumstances of her in-court identification at, or prior to, the conclusion of trial through reasonable diligence." *Id.* (citation omitted). *See also Commonwealth v. Wilson*, 649 A.2d 435, 448-49 (Pa. 1994) (rejecting an after-discovered evidence claim based on a witness's recantation because the appellant did not demonstrate that the content of the statement could not have been obtained at or prior to trial and the subject of the statement was fully explored on cross-examination). Further, as our Supreme Court explained in *Wilson*:

> [W]e are mindful that there is no less reliable form of proof than recantation, especially when it involves an admission of perjury. Here, [the witness's] post-trial statement directly contradicts his sworn testimony at trial which amounts to an admission of perjury. All the other evidence presented at trial by the Commonwealth, together with [the witness's] admission of perjury, would most likely result in a verdict of first degree murder. Accordingly, [a]ppellant's request for an evidentiary hearing based on after-discovered evidence must be denied.

*Id.* at 449 (internal quotations, citations and brackets omitted).

Here, Appellant's petition for remand does not aver that he could not have obtained Freeman's recantation at or prior to the conclusion of trial through reasonable diligence. Further, we note that Freeman was not the only witness to identify Appellant. Prior to trial, Commonwealth witness Laron Thornton ("Thornton") identified Appellant as one of the gunmen based on a photo array. Although Thornton could not identify Appellant at trial, a detective testified as to Thornton's pre-trial identification of Appellant. Despite counsel's apt characterization of Thornton's testimony as

- 4 -

"problematic," *see* Petition for Remand at ¶ 9, Appellant challenged the sufficiency of the evidence on direct appeal, including Thornton's pre-trial identification of Appellant and Freeman's trial testimony. This Court determined, *inter alia*, there was no error in admitting the detective's testimony concerning Thornton's pre-trial identification and that the evidence was sufficient to sustain the verdict. ***See Commonwealth v. Parker***, 2013 WL 11273762 (Pa. Super. March 5, 2013).

Because Appellant has not asserted, and consequently has not demonstrated, that Freeman's recantation could not have been obtained prior to trial through reasonable diligence and because he has not shown that it would compel a different result, we deny Appellant's petition for remand.

Turning to Appellant's claim on appeal that the PCRA court erred in denying his PCRA petition, we begin by setting forth the scope and standard of our review. As this Court has recognized:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine

issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Smith, Q.***, 121 A.3d 1049, 1052 (Pa. Super. 2015)

(internal quotations, citations and brackets omitted).

> As our Supreme Court has explained:
>
> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has characterized the ***Strickland*** standard as tripartite, by dividing the performance element into two distinct parts. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Thus, to prove counsel ineffective, Appellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission. ***Id.*** at 975.

***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012).

In his amended PCRA petition, Appellant raised ten claims of trial counsel ineffectiveness. The PCRA court addressed each contention in its Notice of Intention to Dismiss. Appellant has reasserted seven of these claims as sub-issues of the sole issue presented in his brief. Those sub-issues are listed below, numbered as they are in Appellant's brief (A. i.-v. and B. i-ii.), along with the PCRA court's corresponding responses from the Notice of Intention to Dismiss. The PCRA court responses are italicized for ease of review.

> A. [Appellant's] trial counsel was ineffective for failing to prevent information about [Appellant's] prior criminal history from being presented to the jury.

i.      Trial counsel was ineffective for failing to move to sever Count 4, Persons not to Possess a Firearm.

*[Appellant's] first claim fails because he has not established that he was prejudiced by counsel's failure to file a motion to sever. [Appellant's] underlying conviction for person not to possess a firearm was a drug conviction, and [Appellant] has failed to show that the jury was incapable of separating this evidence or that the jury convicted him of two counts of first degree murder based on any potential propensity to commit drug offenses.*

ii.     Trial counsel was ineffective for failing to object to improper statements made by the Commonwealth at trial eluding [sic] to prior contacts the police had with [Appellant].

*[Appellant's] second claim that counsel should have objected to statements indicating prior contact with police fails because the underlying claim lacks merit. Prior contact with police does not necessarily indicate that [Appellant] was engaged in criminal activity. Even if the jury did imply [sic] criminal activity from the photograph, [Appellant] has failed to establish prejudice given that the jury, by virtue of [Appellant's] prior drug conviction, had a context for why the police might have [Appellant's] photograph, and thus did not imply further criminal activity.*

iii.    Trial counsel was ineffective for failing to move to exclude items seized from [Appellant's] mother's home.

*[Appellant's] third claim that counsel was ineffective for failing to object to the admission of items seized from his mother's house fails because the underlying claim lacks merit. The murder weapons were not recovered in this case, and thus the firearms evidence seized from [Appellant's] mother's house was relevant and admissible to demonstrate that [Appellant] had easy access to the type of firearm that was used in the murders.*

iv.     Trial counsel was ineffective for failing to exclude or to offer an explanation for a statement made by

[Appellant] to detectives during collection of a DNA sample.

*[Appellant's] fourth claim that trial counsel was ineffective for failing to exclude or offer an explanation as to [Appellant's] statement regarding his DNA fails because [Appellant] has not adequately developed this claim. [Appellant's] Amended PCRA Petition fails to develop under what circumstances counsel should have attempted to exclude the evidence or what specific explanation should have been offered. [Appellant] has not set forth sufficient facts to prove at an evidentiary hearing.*

v. Trial counsel was ineffective for failing to use previously admitted information about [Appellant's] history to his benefit: his only convictions were for nonviolent offenses and at the time of his arrest he was on parole.

*Appellant's fifth claim similarly is dismissed due to [Appellant's] failure to develop this claim in a meaningful fashion. Assuming, as the Commonwealth suggests, that [Appellant] claims counsel should have used this information in his closing argument, [Appellant's] claim still fails. [Appellant's] counsel had a clear strategy in defending [Appellant] and counsel was not ineffective for failing to reintroduce [Appellant's] prior drug conviction during closing arguments. Further, [Appellant] has not established that he was prejudiced by this alleged ineffectiveness.*

B. Trial counsel's failure to challenge the credibility of the testimony of commonwealth witnesses was unreasonable and resulted in prejudice to [Appellant].

i. Trial counsel was ineffective for failing to properly object to the Commonwealth's use of witness Freeman's prior consistent statement during his direct examination.

*[Appellant's] seventh claim that trial counsel failed to properly object to the Commonwealth's use of Freeman's prior consistent statement fails because the underlying claim lacks merit. [Appellant] has failed to allege under what grounds counsel should have objected to these admissible tapes.*

*Further, [Appellant] has failed to establish that he was prejudiced by the Commonwealth playing the tapes on direct examination as opposed to redirect examination.*

    ii.    Trial counsel was ineffective for failing to introduce witness Thornton's audio-recorded interview in which he said he was unable to identify either gunman.

*[Appellant's] ninth claim that counsel was ineffective for failing to introduce Thornton's audiotaped statement fails because the taped statement would have been cumulative evidence and thus the underlying claim lacks merit.*

Appellant's Brief at i-ii; Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 3/31/15, at 1-3.

Again, as stated in his question presented, Appellant argues that the PCRA court erred by "denying [his] PCRA petition without a hearing, finding that there were no genuine issues of material fact and that the issues raised were without merit." Appellant's Brief at 3. Having reviewed the issues raised in Appellant's PCRA petition, and in particular those preserved on appeal, and having viewed the evidence of record in a light most favorable to the Commonwealth as the prevailing party, we find no error on the part of the PCRA court for concluding there were no genuine issues of material fact and for denying relief without an evidentiary hearing.

Appellant has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced by any such deficiency. Absent a showing of prejudice, Appellant cannot satisfy the **Strickland** requirements and is, therefore, not entitled to relief.

Petition for Remand denied. Order denying PCRA relief affirmed.

Judge Lazarus joins this memorandum.

Justice Fitzgerald files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2016