J-S23028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                          :             PENNSYLVANIA
                                          :
              v.                             :
                                          :
                                          :
WILLIAM BLOM                       :
                                          :
                 Appellant           :       No. 2756 EDA 2017

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004792-2015

BEFORE:    SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:               **FILED JUNE 12, 2018**

Appellant William Blom appeals from the order dismissing his first timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant asserts that the PCRA court erred in dismissing his petition without a hearing where he raised a claim that trial counsel was ineffective for failing to file a motion to suppress the chemical test results of a blood draw conducted based upon a stop for driving under the influence (DUI). We affirm.

The trial court summarized the relevant facts of this matter as follows:

[On May 2, 2015,] Officer [Dominic] Micciolo witnessed Appellant drive past a stop sign and observed outdated inspection stickers on Appellant's vehicle. The Officer told Appellant to pull over as he was turning the police cruiser around. Appellant exited his vehicle. Appellant refused to get back in the vehicle. As the Officer was cuffing Appellant, he smelled alcohol[,] and prior to a

---

[*] Former Justice specially assigned to the Superior Court.

> body search[,] Appellant informed the Officer of a hypodermic needle in his pocket. Appellant told the Officer he was drinking and using heroin earlier that evening. [Appellant was transported to police headquarters where blood samples were obtained.[1]] The toxicology report revealed a [blood alcohol content (BAC)] of .128 and [that Appellant] tested positive for opiates and morphine. The hypodermic needle tested positive for heroin.

PCRA Ct. Op., 11/21/17, at 1 (citations omitted).

Appellant was charged by a criminal complaint filed on June 4, 2015. On September 29, 2015, Appellant filed an omnibus pre-trial motion seeking, *inter alia*, suppression of the test results based on an unlawful arrest and the arresting officer's failure to advise him of his right to refuse chemical testing.

On October 7, 2015, before the trial court ruled on Appellant's suppression motion, Appellant pled guilty to DUI-combination alcohol/drugs[2] and possession of drug paraphernalia[3] based upon the foregoing facts. The trial court sentenced Appellant to six to twenty-four months of incarceration, followed by three years of probation. Appellant did not file any post-sentence motions or a direct appeal.

On September 23, 2016, Appellant filed a *pro se* PCRA petition. Court-appointed counsel filed an amended PCRA petition on June 15, 2017. The PCRA court dismissed the amended PCRA petition without a hearing on August 2, 2017. Appellant filed a timely notice of appeal and concise statement of

---

[1] The record does not indicate whether Appellant was given the DL-26 warnings.

[2] 75 Pa.C.S. § 3802(d)(3).

[3] 35 P.S. § 780-113(a)(32).

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a).

Appellant raises the following question for our review: "Did the [PCRA] court err in denying [A]ppellant's post-conviction relief act petition without a hearing where trial counsel was ineffective for failing to file a motion to suppress the chemical test results, as Appellant did not knowingly, voluntarily, and intelligently consent to the blood draw?" Appellant's Brief at 4 (full capitalization omitted).

Appellant argues that "counsel had an obligation to file a motion challenging the validity of the Appellant's consent based upon a long line of Fourth Amendment cases in the [c]ourts of Pennsylvania and the United States. Trial counsel's failure to address the issue was ineffective assistance of counsel." *Id.* at 13.

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> ***
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

- 3 -

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations and formatting omitted). Additionally,

> [t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (citations and formatting omitted).

As an initial matter, we note that Appellant asserts that trial counsel should have filed a motion to suppress the results of his blood test. However, the record reveals that trial counsel did file such a motion, but that Appellant pled guilty before the trial court considered the motion. ***See*** Omnibus Pre-Trial Mot., 9/29/15.

In any event, it is apparent that Appellant is arguing that he was entitled to have the results of the blood test suppressed under ***Birchfield v. North Dakota***, 136 S. Ct. 2160 (2016).[4] ***See*** Appellant's Brief at 13. However, in ***Commonwealth v. Wilcox***, 174 A.3d 670 (Pa. Super. 2017), this Court

---

[4] In ***Birchfield***, the United States Supreme Court held that the Fourth Amendment does not permit warrantless blood tests incident to arrests for drunk driving. ***Birchfield***, 136 S. Ct. at 2185. By way of background, the United States Supreme Court granted writs of *certiorari* on December 11, 2015, in the cases examined in ***Birchfield***, and the Court issued its decision on June 23, 2016.

noted that "[n]either the United States Supreme Court nor our Supreme Court has held that **Birchfield** is to be applied retroactively to cases like the one herein where the judgment of sentence had become final prior to its disposition." **Id.** at 672. Here, Appellant's conviction became final well before **Birchfield** was decided and approximately one month before the United States Supreme Court granted writs of *certiorari* to consider the issue raised by the former implied consent statutes. Accordingly, Appellant is not entitled to relief.

Because Appellant has not established a genuine issue of fact requiring a further evidentiary hearing, we discern no merit to his further claim that he was entitled to an evidentiary hearing. **See Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa. Super. 2015) ("the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." (citation omitted)).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18