J-S02029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEROY TAYLOR | : | |
| | : | |
| Appellant | : | No. 521 EDA 2021 |

Appeal from the PCRA Order Entered February 17, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002697-2016

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED MARCH 9, 2022**

Appellant, Leroy Taylor, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows.

> On February 7, 2016, neighbors Angel Rivera…and Appellant were involved in an altercation over [Mr. Rivera's] girlfriend, who was pregnant with Appellant's child. The argument…soon became physical when Appellant punched [Mr.] Rivera in the eye. A fight ensued before several other parties separated Appellant and [Mr.] Rivera. Once separated, [Mr. Rivera] testified that he saw Appellant walk into his home and return with what appeared to be a gun in his waistband. [Mr. Rivera's] daughter, [MariaAngely] Rivera-Cruz, also testified that she saw Appellant with a gun once he returned from his home. [Mr. Rivera] stated that he saw Appellant put the gun on the ground behind the tire

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

of [Mr. Rivera's] car as police arrived on scene.

Officer [Anthony] Nicoletti and his partner Officer Hoffman responded to a radio call for a black male with a black hoodie carrying a firearm on the 2700-2800 block of Reese Street. When Officer Nicoletti arrived, he saw a group of approximately 10 to 15 people trying to prevent Appellant from leaving Reese Street by tugging on his clothes and yelling, "don't let him leave. He threw the gun underneath the car." Appellant was the only person present who matched the police radio description. Officer Nicoletti secured Appellant while Officer Hoffman recovered the firearm from under [Mr. Rivera's] car.

Investigation of the firearm determined that it was operable and loaded with nine cartridges of .45-caliber ammunition. Appellant was prohibited from possessing a handgun under the Firearms Act [because of] a previous criminal conviction.

(PCRA Court Opinion, 6/1/21, at 2-3) (record citations omitted).

On April 28, 2017, Appellant proceeded to a bench trial. At trial, the Commonwealth offered the testimony of Officer Nicoletti, Mr. Rivera, and Mr. Rivera's daughter, MariaAngely Rivera-Cruz. At the conclusion of trial, the court found Appellant guilty of persons not to possess firearms, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possessing an instrument of crime. The court explained that it found Officer Nicoletti the most credible witness and convicted Appellant based on the officer's testimony. (*See* N.T. Trial, 4/28/17, at 41-42). The court sentenced Appellant on September 8, 2017, to an aggregate 5 to 10 years of incarceration. This Court affirmed the judgment of sentence on January 4, 2019, and our Supreme Court denied allowance of appeal on July 2, 2019. *See Commonwealth v. Taylor*, 209 A.3d 478 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, 654 Pa. 512, 216 A.3d 227

(2019).

Appellant filed a timely *pro se* PCRA petition on August 19, 2019. The court subsequently appointed counsel, who filed an amended petition on July 10, 2020. In his petitions, Appellant raised a claim of after-discovered evidence, based on recantation testimony from Mr. Rivera, who was a main witness for the Commonwealth at Appellant's trial. On January 19, 2021, the court issued notice of its intent to dismiss the petition without an evidentiary hearing, pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and the court dismissed the petition on February 17, 2021. Appellant filed a timely notice of appeal on March 2, 2021. On March 8, 2021, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), which Appellant filed on March 10, 2021.

Appellant raises one issue for our review:

> Did the [PCRA] court commit error when it failed to grant relief when it refused to conduct an evidentiary hearing upon the discovery of evidence that the complaining witness recanted his testimony?

(Appellant's Brief at 8).

This Court has explained:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the factual findings of the PCRA court if the record contains any support for those findings. [W]e review the court's legal conclusions *de novo*.

***Commonwealth v. Washington***, ___ A.3d ___, 2022 PA Super 18, *5 (filed

Feb. 1, 2022) (*en banc*) (citations and quotation marks omitted).

A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012). "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015), *appeal denied*, 635 Pa. 763, 136 A.3d 981 (2016) (quoting ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa.Super. 2007), *appeal denied*, 594 Pa. 685, 934 A.2d 72 (2007)).

Appellant argues that the trial court erred when it did not conduct an evidentiary hearing to consider his claim of after-discovered evidence based on the Commonwealth's primary witness, Mr. Rivera, recanting his testimony that Appellant possessed the gun. Appellant asserts that the only evidence against him came from Mr. Rivera because Mr. Rivera translated the initial statement of Ms. Rivera-Cruz to police, and Ms. Rivera-Cruz testified in accordance with that statement at trial. Appellant reasons that because Officer Nicoletti did not see him in possession of the gun, the primary witness against him was Mr. Rivera. Appellant insists that an evidentiary hearing was necessary so that the court could evaluate the credibility of Mr. Rivera's

- 4 -

recantation. Appellant concludes the court's failure to hold an evidentiary hearing constitutes reversible error, and this Court should remand for an evidentiary hearing. We disagree.

To establish entitlement to post conviction relief based on a claim of after-discovered evidence:

> [The defendant] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa.Super. 2010) (quoting **Commonwealth v. Pagan**, 597 Pa. 69, 106, 950 A.2d 270, 292 (2008), *cert. denied*, 555 U.S. 1198, 129 S.Ct. 1378, 173 L.Ed.2d 633 (2009)). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." **Padillas, supra** at 363 (citations omitted).

"[A]s a general matter, recantation evidence is notoriously unreliable, particularly where the witness claims to have committed perjury." **Commonwealth v. D'Amato**, 579 Pa. 490, 522, 856 A.2d 806, 825 (2004) (citations and internal quotation marks omitted). Upon reviewing such a claim, the PCRA court must evaluate the significance of the recantation in light of the evidence as a whole. **Id.** at 523, 856 A.2d at 825. "Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial." **Commonwealth v. Small**, 647 Pa. 423, 451, 189 A.3d 961, 977 (2018)

(quoting **Commonwealth v. Henry**, 550 Pa. 346, 363, 706 A.2d 313, 321 (1997)).  "An appellate court may not disturb the trial court's determination absent a clear abuse of discretion."  **Id.**

Instantly, in denying PCRA relief, the PCRA court explained:

> …Angel Rivera submitted a sworn and notarized affidavit on May 2, 2018, stating the following:
>
>> I, Angel Rivera, recant my statement and testimony. I was under duress by the Philadelphia District Attorney office, and also I was forced and coerced by the Philadelphia District Attorney office to testify against [Appellant] at his trial on April 28, 2017.  I lied, and also I did not see [Appellant] with a gun.
>
> Standing as the finder of fact, this court heard the testimonies of three witnesses, [Mr. Rivera], [Ms.] Rivera-Cruz, and the responding officer, Officer Nicoletti.  During the course of those testimonies each witness mentioned the fact that Appellant possessed a firearm at some point during the altercation.  [Mr. Rivera] stated that he "[saw Appellant] put [the gun] behind the wheel of [his] car."  N.T., 4/28/17 at 10.  Witness [Ms.] Rivera-Cruz stated that [Appellant] returned from his home with a gun and threw it down near a car when police were called.  **Id.** at 35.  Officer Nicoletti stated that he and his partner responded to a 911 call from an unidentified person regarding "a person with a gun…for a black male, black hoodie."  **Id.** at 18.  Upon arrival, Officer Nicoletti observed Appellant being contained by approximately fifteen witnesses who were excitedly yelling to the officer, "[d]on't let him leave.  He threw the gun underneath the car."  **Id.** at 22.  This court found Officer Nicoletti's testimony the most credible and in consideration of all the evidence determined Appellant was guilty.  [Mr. Rivera's] recantation testimony does not dispel either the testimony of a corroborating witness or the testimony of Officer Nicoletti.  Therefore, holding an evidentiary hearing on [the] same would serve no legitimate purpose as it would not alter the verdict.

(PCRA Court Opinion at 7-8) (citation omitted).  In light of the credible

testimony from Officer Nicoletti, Appellant failed to prove that Mr. Rivera's recantation would likely compel a different verdict in Appellant's case if a new trial were granted. ***See Padillas, supra***. On this record, we cannot say that the PCRA court abused its discretion in declining to hold an evidentiary hearing. ***See Henry, supra***. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/09/2022