J-S14008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW J. VASQUEZ | : | |
| | : | |
| Appellant | : | No. 887 WDA 2021 |

Appeal from the PCRA Order Entered July 7, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-MD-0000309-2020

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 15, 2022**

Matthew J. Vasquez appeals from the order denying his Post Conviction Relief Act petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. Because this was Vasquez's first PCRA petition and the PCRA court failed to appoint counsel, we vacate and remand for the appointment of counsel and further proceedings.

The trial court found Vasquez guilty of six counts of indirect criminal contempt and in May 2020 imposed consecutive sentences for each count, for an aggregate sentence of 18 to 36 months' imprisonment. This sentence was imposed as consecutive to a sentence he received in another case. Vasquez filed a post-sentence motion, which the trial court denied in an order docketed on January 4, 2021. Vasquez did not appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

In May 2021, Vasquez filed a *pro se* PCRA petition seeking reinstatement of his appeal rights *nunc pro tunc*. The PCRA court did not appoint PCRA counsel, and no counsel entered an appearance. Vasquez's petition stated he had counsel but listed the name of his trial counsel. No attorney filed any documents related to the PCRA petition on Vasquez's behalf.

The court issued notice of its intent to dismiss the petition under Pennsylvania Rule of Criminal Procedure 907. It dismissed the petition in July 2021, and Vasquez timely appealed. He raises the following issue: "Did the PCRA Court err, when it refused to reinstate [Vasquez's] appeal rights, [n]unc [p]ro [t]unc?" Vasquez's Br. at 4.

We will not reach the merits of Vasquez's appellate argument because he did not have the assistance of counsel in the PCRA proceedings below. We are required to address an indigent, first-time PCRA petitioner's lack of counsel even if no party or the PCRA court raised it. **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa.Super. 2011).

Pennsylvania Rule of Criminal Procedure 904 provides that in non-death penalty cases, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). This "rule-based right to counsel and to effective assistance of counsel extends throughout the post-conviction proceedings, including any appeal from the disposition of the

PCRA petition." **Commonwealth v. Smith**, 121 A.3d 1049, 1053 (Pa.Super. 2015) (citation omitted).

The record contains no entry of appearance of counsel, appointment of counsel, or waiver of the right to counsel. Vasquez proceeded *pro se* from the filing of his PCRA petition through the filing of the appellate brief. This was improper. Accordingly, we vacate the order dismissing Vasquez's PCRA petition and remand to the PCRA court for a determination of Vasquez's eligibility for appointed counsel and if appropriate, the appointment of counsel, and further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022