J-S69008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DARIN DAVIS JR. | |
| Appellant | No. 1917 WDA 2016 |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012627-2008

BEFORE: BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 17, 2018**

Darin Davis Jr., appeals from the November 18, 2016 dismissal of his second PCRA petition. We affirm.

This matter arose from the July 21, 2008, shooting death of Jason Glenn in Pittsburgh, Allegheny County, at approximately 9:30 p.m. Mr. Glenn approached Appellant outside Appellant's apartment building on Sandusky Court in Pittsburgh's North Shore neighborhood. Mr. Glenn sought to exchange his iPod for drugs. When Appellant would not return the iPod to Mr. Glenn, the two engaged in a brief scuffle, which was witnessed by Ladeana Anderson who was sitting in her car nearby. Ms. Anderson later expressed to police that Appellant had a platted hairstyle.

* Former Justice specially assigned to the Superior Court.

Following the scuffle, Mr. Glenn left the area, and Appellant briefly entered his apartment before re-emerging and traveling in the same direction as Mr. Glenn. Shortly thereafter, Ms. Anderson heard two gunshots. Another witness heard the same gunshots, and after investigating the source of the sound, that witness discovered Mr. Glenn stumbling down the street suffering from apparent gunshot wounds. The witness aided Mr. Glenn as he collapsed, and asked him if he knew the shooter. Mr. Glenn responded that the shooter had "dreadlocks."

During an investigation into the shooting, police encountered Appellant outside his apartment building, and stopped him since he matched the description of the assailant provided by the eyewitnesses. Appellant accompanied the detectives to the police department, and after being provided with **_Miranda_** warnings, he agreed to be interviewed. Appellant told police officers that he had fought with Mr. Glenn on the night in question, that he took Mr. Glenn's iPod, and that the iPod could be found on his bedside table. A search warrant was obtained and executed on Appellant's residence, and the iPod was found exactly where Appellant had indicated it would be. No firearm was recovered.

Based on the foregoing, and the accounts of the incident provided by various witnesses, Appellant was charged with first-degree murder and theft by unlawful taking. A jury convicted him of both offenses, and Appellant was sentenced to life in prison without parole for first-degree murder, and

no further penalty for theft by unlawful taking. Appellant appealed, and argued that the evidence was insufficient to establish murder in the first degree. On March 12, 2012, we affirmed the trial court's ruling. *Commonwealth v. Davis*, 47 A.3d 1242 (Pa.Super. 2012) (unpublished memorandum). Appellant filed a petition for allowance of appeal to the Supreme Court.

While Appellant's petition for allowance of appeal was pending, Appellant filed his first PCRA petition, alleging only that his sentence was illegal pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which prohibited the use of mandatory life-without-parole sentences for juvenile offenders. Counsel was appointed, but the trial court held Appellant's petition in abeyance pending the outcome of his petition for allowance of appeal. His petition for allowance of appeal was denied by the Supreme Court on December 31, 2012. *Commonwealth v. Davis*, 63 A.3d 1243 (Pa. 2012). On January 28, 2013, counsel filed a motion to withdraw, contending that Appellant's PCRA petition was meritless since he was twenty years old at the time of the offense. The PCRA permitted counsel to withdraw, and on June 11, 2013, it filed its Rule 907 notice of intent to dismiss. On August 26, 2013, the court dismissed Appellant's first PCRA petition.

On April 7, 2014, Appellant filed the instant PCRA petition, his second, alleging various claims of ineffective assistance of counsel and challenging

the sufficiency of the evidence underpinning his conviction. On January 24, 2014, counsel entered his appearance, but, on June 17, 2015, filed a motion to withdraw. On November 17, 2015, the PCRA court granted that motion and filed its Rule 907 notice of its intent to dismiss. Subsequently, on November 18, 2016, it entered an order dismissing Appellant's second PCRA petition.

Appellant filed a timely notice of appeal pursuant to the prisoner mailbox rule. The court directed Appellant to file a Rule 1925(b) statement of errors complained of on appeal. Appellant served a copy of that statement on the Judge and District Attorney's office, but failed to file a copy with the clerk of courts. Thereafter, the PCRA court authored a Rule 1925(a) opinion acknowledging the claimed errors raised in Appellant's 1925(b) statement, but erroneously analyzing only the issue raised in Appellant's first PCRA petition.[1] This matter is now ready for our review.

Appellant raises three questions for our consideration:

1. Whether Appellant's ineffective assistance of counsel claim predicated on trial counsel's failure to file a motion for judgment of acquittal raising the claim that all circumstantial and physical evidence properly admitted in this case is insufficient to prove beyond a reasonable doubt that Appellant killed Jason Glenn with the requisite element of specific intent, and that he was conscious of his intent, was previously

---

[1] We can offer no explanation as to why the PCRA court noted the three issues raised by Appellant and then proceeded to analyze an issue from the first PCRA petition, which it had previously dismissed.

litigated or waived as a result of PCRA counsel's ineffectiveness, and, if so, whether Appellant was prejudiced thereby?

2. Whether Appellant was denied the effective assistance of counsel, as guaranteed under the United States and Pennsylvania constitutions, when trial counsel failed to secure and present identification expert testimony to show that police identification errors can substantially and injuriously influence the jury's verdict?

3. Whether trial counsel was ineffective by failing to register an objection or move for mistrial when the prosecutor, without establishing a proper foundation supported by record evidence, elicited testimony from Detective Weismantle which pervasively caused the jury to infer that Appellant, who was described in the police report as having platted hair when he was arrested, engaged in an altercation with the victim over the taking of an iPod when a fellow gang member with dreadlocks shot the victim and then disposed of the murder weapon as part of a gang-related criminal conspiracy?

Appellant's brief at 4 (some capitalization omitted).

As a preliminary matter, the Commonwealth raises a challenge to the timeliness of this PCRA petition. The timeliness of Appellant's petition implicates our jurisdiction. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Id*. Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1).

Herein, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 31, 2012. Thus, his judgment of sentence became final on April 1, 2013,[2] at the expiration of the period during which he could petition the United States Supreme Court for review. As such, Appellant had until April 1, 2014, to file a timely PCRA petition. Appellant filed the instant PCRA petition on April 7, 2014, rendering it facially untimely. Nevertheless, Appellant contends that his petition, which is dated October 8, 2013, was timely filed pursuant to the prisoner mailbox rule, since that is when he placed it in the prison mailing system.

We note that the certified record is devoid of any indication as to when Appellant mailed his PCRA petition, other than the date he himself placed on that petition. Under these circumstances, we could remand this matter for an evidentiary hearing limited to Appellant's contention that his petition was timely filed. However, due to our disposition of this matter discussed *infra*, we accept Appellant's argument that he mailed his second PCRA petition prior to the expiration of the one-year filing requirement pursuant to the PCRA. Hence, we will consider the merits of his appeal.

_____

[2] We note that March 31, 2013, was a Sunday, and therefore, Appellant's judgment of sentence became final on Monday, April 1, 2013, the first business day following the expiration of the ninety-day period to seek review.

It is well-established that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free from legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). In order to bring a claim properly before us, a petitioner bears the burden of proving that his issues have not been previously litigated or waived. *Id*. at 1055 (citing *Commonwealth v. Clark*, 961 A.2d 80 (Pa. 2008)). Under the PCRA, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). In addition, an issue "not raised in the lower court [is] waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

With these principles in mind, we turn to Appellant's three claimed errors. Appellant first contends that PCRA counsel was ineffective for failing to raise a claim in his first PCRA that trial counsel was ineffective for failing to file a motion for judgment of acquittal during trial. Upon review of the certified record, we observe that, at no point prior to this appeal, has Appellant argued that trial counsel was ineffective for failing to move for a judgment of acquittal at the conclusion of trial. Although the instant petition, and Appellant's objection to counsel's motion to withdraw, challenged the sufficiency of the evidence underpinning his conviction, he did not contest trial counsel's or PCRA counsel's stewardship in this regard.

Moreover, Appellant previously challenged the sufficiency of that evidence on direct appeal, and this Court affirmed his judgment of sentence. **See Commonwealth v. Davis**, 47 A.3d 1242 (Pa.Super. 2012) (unpublished memorandum). Since Appellant is raising this claim for the first time on appeal, it is waived. Pa.R.A.P. 302(a).

Appellant's second and third issues raise claims regarding trial counsel's purported ineffectiveness during trial. Thus, we consider them together. In his second issue, Appellant claims that trial counsel was ineffective for failing to offer an expert witness on eyewitness identification. Appellant's third issue asserts that trial counsel was ineffective for failing to object to the Commonwealth's supposed prosecutorial misconduct during trial. As these claims arose from trial counsel's conduct during trial, Appellant was obligated to raise them in his first PCRA petition. As Appellant failed to do so, these claims are waived. **Smith**, **supra**; 42 Pa.C.S. § 9544(b). Having determined that Appellant has not preserved any claims for review, we discern no error in the PCRA court's dismissal of his second PCRA petition.[3]

---

[3] Additionally, we observe that Appellant's Rule 1925(b) statement of errors complained of on appeal does not appear on the docket, and he did not serve a copy of that document on the Allegheny County clerk of courts. These failures serve as an independent basis for finding waiver of his claims. **Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (finding waiver where appellant failed to properly file Rule 1925(b) statement with clerk of courts).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2018