J-S80012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
YASSIN MOHAMAD :
:
Appellant : No. 1020 EDA 2017

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0202462-1995

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 23, 2018**

Yassin Mohamad appeals from the dismissal of his third PCRA petition as untimely.  We affirm.

On January 12, 1995, Appellant, an inmate at Holmesburg State Correctional Institution, Philadelphia, and a fellow inmate, Rasheen Simpson, obtained a knife and stabbed another inmate, Tavio Harris.  The victim was hospitalized for nearly two weeks because of the incident.  On November 17, 1995, a jury found Appellant guilty of aggravated assault, conspiracy, and possession of an instrument of crime.  On January 23, 1996, he was sentenced to seventeen and one-half to thirty-five years imprisonment.  On November 21, 1997, we affirmed the judgment of sentence. ***Commonwealth v. Mohamad***, 707 A2d 551 (Pa.Super. 1997) (unpublished memorandum).  On April 1, 1998, the Supreme Court denied Appellant's

petition for allowance of appeal. *Commonwealth v. Mohamad*, 723 A.2d 670 (Pa. 1998).

On April 28, 2011, Appellant filed the instant PCRA petition, his third. Subsequently, he submitted various supplemental filings on October 10, 2012, November 3, 2014, May 19, 2016, and July 1, 2016. In his May 19, 2016 supplemental petition, Appellant claimed his sentence was illegal pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Thereafter on November 3, 2016, the PCRA court filed its Rule 907 notice of intent to dismiss, and on February 28, 2017, it dismissed Appellant's petition as untimely.[1] This timely appeal followed.

Appellant raises two questions for our review:

1. Did the Appellant meet the elements of after/newly discovered evidence in a timely manner according to the post[-]conviction relief act of November 19, 1995, 42 P.A. C.S. Subsection 9554(a).

2. Was the mandatory draconian sentence of 17 year[s], 6 months to 35 years imposed by Judge Ricardo C. Jackson on January 23, 1996 in this case an [illegal] sentence and does it violate the law of the Commonwealth of Pennsylvania and the United States, as well as the Constitution of the Commonwealth and the Constitution of the United States?

Appellant's brief at 4 (some capitalization omitted).

_____

[1] The PCRA court appeared to dispose of Appellant's April 28, 2011 petition, and the supplements subsequently filed amending that petition, together.

It is well-established that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free from legal error." **Commonwealth v. Smith**, 121 A.3d 1049, 1052 (Pa.Super. 2015). At the outset, we must determine whether Appellant's PCRA petition was timely filed as that issue implicates our jurisdiction. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Id**.

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). There are three exceptions to the one-year time bar of § 9545:

    (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

    (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). In order to invoke one of the statutory exceptions, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied by order on April 1, 1998. Thus, his judgment of sentence became final on June 30, 1998, following the expiration of his ninety-day allowance to petition the United States Supreme Court for review.[2] As such, Appellant had until June 30, 1999, to file a timely PCRA petition. Appellant filed the instant PCRA petition on April 28, 2011, rendering his petition facially untimely. In order for this Court to have jurisdiction over his claims, Appellant must plead and prove one of the three statutory exceptions detailed above.

Appellant argues that he was illegally sentenced to a mandatory minimum sentence of seventeen-and-one-half to thirty year sentence imposed after he was convicted of the aforementioned offenses.[3] He maintains that this sentence violated **Alleyne**, **supra**, since it was premised upon facts found by the sentencing court during the sentencing hearing

---

[2] Previously, we erroneously determined that Appellant's judgment of sentence became final on December 21, 1997, **see Commonwealth v. Muhamad**, 959 A.2d 970 (Pa.Super. 2008) (unpublished memorandum), when Appellant appealed the denial of his second PCRA petition. However, we note that the error did not affect the disposition of that matter.

[3] Although Appellant purports to raise a claim of newly-discovered evidence, his argument presents a claim that his sentence violated a constitutional right created in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Although Appellant raised a number of claims in his various supplemental filings, he has abandoned those issues on appeal. Further, Appellant's argument in his advocate's brief is limited to a single paragraph raising his **Alleyne** claim discussed infra.

based on a preponderance of the evidence standard. Appellant concludes that this illegal sentence violated his constitutional rights, and since he filed the petition as soon as he was apprised of the holding in *Alleyne*, *supra*, his PCRA petition was timely filed. We disagree.

In *Miller*, *supra*, this Court held that, since *Alleyne* has not been held to be retroactive by either our Supreme Court or the United States Supreme Court, it does not fall within the newly-recognized-constitutional-right exception to § 9545(b)(1). *Miller*, *supra* at 995. We ruled that a defendant's sentence, even if unconstitutional under *Alleyne*, could not be remedied in an untimely PCRA petition. *Id*. Further, in *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015), we determined that *Alleyne* did not apply retroactively to afford relief in the post-conviction setting. *See also Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016). Hence, Appellant has not pled and proven an exception to the PCRA's statutory time bar, and thus, the PCRA court properly concluded that this petition was untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/18