J-S33011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK D. PENNINGTON | : | |
| | : | |
| Appellant | : | No. 1537 EDA 2017 |

Appeal from the PCRA Order Entered April 10, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006758-2012

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS[*], P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 06, 2018**

Jack D. Pennington appeals from the order entered April 10, 2017, in the Court of Common Pleas of Montgomery County, that dismissed, without a hearing, his petition seeking relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Pennington seeks relief from the judgment of sentence to serve a term of 17 to 50 years' imprisonment, imposed on resentencing, on his drug convictions.   In this appeal, Pennington contends direct appeal/initial PCRA counsel was ineffective for failing to (1) appeal the trial judge's decision that denied the motion to amend the concise statement, (2) move for the trial judge's recusal on remand prior to resentencing, (3) file a direct appeal following resentencing, and (4)

_____

[*] Former Justice specially assigned to the Superior Court.

move for the trial judge's recusal upon filing the PCRA petition.[1]  Based upon

the following, we affirm.

The Honorable William R. Carpenter has summarized the background of

this case, as follows:

> By way of a brief history, on July 22, 2013, a jury convicted
> Pennington of three counts of delivery of a controlled substance,
> two counts of possession with intent to deliver methamphetamine,
> one count of possession with intent to deliver Percocet, five counts
> of dealing in unlawful proceeds, four counts of criminal use of a
> communications facility and one count of drug paraphernalia.
> These convictions were the result of a wiretap investigation
> conducted by the Narcotics Enforcement Team of the Montgomery
> County Detective Bureau into Pennington's sale of
> methamphetamine and Percocet. At sentencing on October 11,
> 2013, this Court sentenced Pennington to a term of imprisonment
> of 17 to 50 years pursuant to the mandatory minimum sentencing
> statute. Pennington appealed.
>
> On December 18, 2014, the Superior Court vacated
> Pennington's sentence pursuant to **Alleyne v. U.S**., 133 S.Ct.
> 2151 (2013), and remanded for resentencing. [**Commonwealth
> v. Pennington**, 116 A.3d 691 (Pa. Super. 2014) (unpublished
> memorandum), *appeal denied*, 117 A.3d 1281 (Pa. 2015), *appeal
> denied*, 125 A.3d 776 (Pa. 2015).] On September 16, 2015, this
> Court restructured the sentence and Pennington was again
> sentenced to an aggregate term of 17 to 50 years' imprisonment.
> Pennington did not appeal.
>
> On October 17, 2016, Pennington filed his first counseled
> PCRA petition, at issue in this appeal.[1] The Commonwealth filed
> an answer to the petition. On January 23, 2017, this Court issued
> a pre-dismissal notice pursuant to Pa.R.Crim.P. 907, notifying him
> of this Court's intention to dismiss his petition without a hearing
> and of his right to file a response to the 907 notice. Despite a brief
> extension of time to do so, no response was filed. On April [10],
> 2017, a final order was issued. Pennington appealed, and was

---

[1] Although Pennington raised two other issues in his brief, he indicates those
issues are withdrawn.  **See** Pennington's Brief at 4, 9.

directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pennington did so.

---

[1] The PCRA [petition] is timely.  A year from the final judgment of sentence fell on Sunday, October 16, 2016, making the filing of this PCRA petition on October 17, 2106 timely.

---

PCRA Court Opinion, 7/31/2017, at 1-2.

Relevant to the issues raised in this appeal, we note that following Pennington's jury trial, trial counsel filed a notice of appeal and a Pa.R.A.P. 1925(b) statement.  Thereafter, direct appeal/initial PCRA counsel entered his appearance and represented Pennington from the time he filed a motion to amend the concise statement, which was denied, through direct appeal, and on resentencing, as well as from the filing of the PCRA petition, through dismissal of the petition, by order entered April 10, 2017.   Present PCRA counsel filed the notice of appeal from the PCRA court's dismissal order on May 9, 2017.

The four issues raised in this appeal challenge the stewardship of direct appeal/initial PCRA counsel.  Initially, we must determine if we are permitted to address the merits of these claims which were raised for the first time when present counsel filed a concise statement in the PCRA court in connection with this appeal.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court did not address any of these direct appeal/initial PCRA counsel ineffectiveness claims, reasoning that

the claims were waived for failure to raise them prior to this appeal. The PCRA court opined:

> [I]n this appeal, Pennington raises for the first time issues of [direct appeal/initial PCRA counsel's] alleged ineffectiveness. These claims are waived for failure to raise them prior to this appeal. … [Direct appeal/initial PCRA counsel] could have requested this Court to allow him to amend his PCRA petition to include these claims, but he did not. Therefore, they are waived on appeal because they were not properly preserved.

PCRA Court Opinion, 7/31/2107, at 7 (citations omitted).

Pennington, however, argues present PCRA counsel did not represent him until after the PCRA court denied relief and, because direct appeal/initial PCRA counsel could not allege his own ineffectiveness, the concise statement filed by present PCRA counsel in this appeal was the first instance where direct appeal/initial PCRA counsel's ineffectiveness could be raised. *See* Pennington's Brief at 11. This argument is unavailing.

A similar issue was presented to our Court in *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012). After Ford was provided an evidentiary hearing on his PCRA claims, which were denied, his PCRA counsel filed a notice of appeal one day late. As a result, the appeal was quashed. Thereafter, Ford filed a petition for allowance of appeal in our Supreme Court, based on PCRA counsel's ineffectiveness in filing an untimely appeal. Our Supreme Court remanded for a determination of the status of counsel and permitted Ford to appeal *nunc pro tunc* within 30 days of a determination of counsel's status. The PCRA court appointed new counsel, and in the reinstated appeal, new

counsel filed a Pa.R.A.P. 1925(b) concise statement, alleging PCRA counsel was ineffective for failing to raise an issue in the PCRA proceeding. A panel of our Court reviewed precedential decisions of the Pennsylvania Supreme Court and determined that such claims could not be raised for the first time on appeal:

> We acknowledge that Appellant did raise the ineffectiveness of PCRA counsel issue in his Pa.R.A.P. 1925(b) statement after the Supreme Court remanded the matter and new counsel was appointed for purposes of advancing his appeal *nunc pro tunc, i.e.,* at the **first** opportunity. … Nonetheless, a majority of the Supreme Court agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. … **Therefore, we hold absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.**

**Commonwealth v. Ford**, 44 A.3d 1190, 1200-1201 (Pa. Super. 2012) (emphasis supplied).

In **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), this Court reaffirmed **Ford**. More recently, in **Commonwealth v. Smith**, 121 A.3d 1049 (Pa. Super. 2015), a panel of this Court opined: "With respect to the petitioner's duties, PCRA claims are more civil than criminal in nature, which places the burden of moving the case forward on the party in the plaintiff's position, who in this context is the PCRA petitioner." **Id.** at 1054. The **Smith** Court further stated: "Appellant had an affirmative duty to preserve his claims. If Appellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court

to learn the correct procedure." ***Id.*** at 1055. ***See also Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("[W]here the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction.").

In light of the foregoing case law, we agree with the PCRA court that Pennington's claims of direct appeal/initial PCRA counsel's ineffectiveness that were raised for the first time in the Rule 1925(b) statement are not reviewable.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/18