J-S10030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GABRIEL RODRIGUEZ-DIAZ | |
| Appellant | No. 1600 EDA 2018 |

Appeal from the PCRA Order entered May 4, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005088-2012, CP-51-CR-0005087-2012

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 16, 2019**

Appellant, Gabriel Rodriguez-Diaz, appeals *pro se* from the May 4, 2018 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant contends he was denied meaningful PCRA review due to PCRA counsel's failure to assert trial counsel ineffectiveness. Following review, we affirm.

The PCRA court provided the following procedural background:

On January 29, 2015, [Appellant] was found guilty by a jury of conspiracy to commit murder, 18 Pa.C.S. § 2502, possession of an instrument of crime, 18 Pa.C.S. § 907 ["PIC"], possession of firearm by prohibited person, 18 Pa.C.S. § 6105, firearms not to

_____

[*] Retired Senior Judge assigned to the Superior Court.

be carried without a license, 18 Pa.C.S. § 6101, carrying firearms on a public street, 18 Pa.C.S. § 6108, and recklessly endangering another person, 18 Pa.C.S. § 2705. On April 2, 2015, this court sentenced Appellant to an aggregate sentence of sixteen to thirty-six years' incarceration followed by five years' probation. Appellant thereafter filed a notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement.

On December 28, 2016, the Superior Court affirmed the order imposing judgment of sentence. Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Instead, on September [5], 2017, he filed a *pro se* PCRA petition. Counsel was appointed to represent him and on April 5, 2018, counsel filed a "no-merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After carefully reviewing the entire record and counsel's no-merit letter this court sent Appellant a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on April 6, 2018. Appellant filed a response thereto on April 30, 2018. After again carefully reviewing the entire record, this court on May 4, 2018, issued an order dismissing Appellant's PCRA petition without a hearing. Appellant filed the instant *pro se* appeal from that order on May 21, 2018, as well as a court-ordered Pa.R.A.P. 1925(b) statement.

PCRA Court Opinion, 8/15/18, at 1-2 (some capitalization omitted).

In addition to the procedural history, the PCRA court provided a detailed account of the factual history of the case. *Id.* at 2-6. For purposes of context for the issues presented in this appeal, we note the following pertinent facts, consistent with the PCRA court's summary.

On September 3, 2011, Philadelphia Police Officer Howard Lee heard gunfire coming from the rear of a nightclub on Whitaker Avenue in Philadelphia. Lee ran from his vehicle to the rear of the club, encountering a number of people running from the rear parking lot. Based on information from an individual named Jose Pagan, Lee proceeded to a driveway where he

saw a dark-colored vehicle leaving the driveway at a high rate of speed onto Hunting Park Avenue. He then returned to the club and observed Edwin Santana who had blood on his clothing.

Philadelphia Police Officer Anthony Sampson was driving eastbound on Whitaker Avenue when he received a radio call about shots fired at Whitaker and Hunting Park Avenues. When he arrived at the scene, he heard people yelling that three people had been shot. Sampson then observed a car traveling west on Hunting Park Avenue at a high rate of speed and proceeded to make a U-turn to follow the car after hearing bystanders comment, "That's the car. That's the black car—an Acura." Sampson and other officers pursued the vehicle, which ultimately crashed into a pole after a ten-block high-speed chase.

Santana provided a statement explaining that there was an altercation inside the nightclub that spilled outside the club. He described two males with guns who approached him outside, one of whom shot him. He stated the two males fled in a black vehicle, believed to be a Honda. However, Santana later disavowed the statement, stating he was high when he was shot and when police interviewed him. The officer who took the statement refuted those assertions and explained he recorded Santana's responses verbatim, including Santana's physical descriptions of the two men.

Further discussions with Pagan indicated he was inside the club with Santana when Santana got into a fight with another man. Pagan and Santana

then left the club for a cigarette when two men approached with handguns and began firing at Santana. The men then walked behind the building and Pagan watched as a dark sporty Honda sped out of the lot. Police later escorted Pagan to the location where the car had crashed. Pagan identified the two men from the car as the ones who drove from the lot and as the ones who shot Santana. Appellant was one of those two men.

Armed with a search warrant, police later seized a .45 caliber Colt MK4 from the backseat of the car. Police also recovered a Glock from the highway as well as ten .45 caliber fired cartridge cases and a projectile from the rear parking lot of the club. Ballistics confirmed the fired cartridges and the spent projectile were fired from the Colt 45 found in the back seat of the car.

As noted at the outset, Appellant was convicted of various charges, including conspiracy to commit murder and PIC. This Court affirmed his judgment of sentence on December 28, 2016. Appellant filed a timely *pro se* PCRA petition on September 5, 2017, alleging trial counsel ineffectiveness "for failure to request a inconsistent statement jury instruction with regard to Edwin Santanas testimony." PCRA Petition, 9/5/17, at 4 (verbatim).

Appointed counsel did not file an amended petition. Rather, he filed a *Finley* letter advising the PCRA court that he had reviewed the file materials, "including the *pro se* petition, docket entries, direct appeal documents & opinions, along with notes of testimony associated with the case." *Finley* Letter, 4/5/18, at 1. Counsel explained his determination that Appellant's sole

asserted claim of ineffectiveness lacked merit and that his "review of the remainder of the trial transcript for any instance of trial counsel's ineffectiveness . . . also fails and is without merit." *Id.* at 3.

After the PCRA court issued a Rule 907 notice of intent to dismiss, Appellant filed a response, objecting to the dismissal and claiming that appointed counsel did not contact Appellant before filing his *Finley* letter. Appellant's Response, 4/30/18, at 1. Appellant asserted he was deprived of the opportunity to inform counsel of seven other issues, which he outlined in his response. *Id.* at 2-3. On May 4, 2018, the PCRA court issued its order dismissing Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal:

I.   Did court appointed PCRA counsel deny the Appellant meaningful post-conviction review where counsel merely relied on the contents of the pro se petition without doing further inquiry before filing a "no merit" letter; thus PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness?

II.  Was trial counsel ineffective where trial counsel failed to:

     a) inquire, interview, investigate, and/or determine whether any of the witnesses present or near the scene could refute the Commonwealth's contention that Appellant was involved in the shooting the Appellant was arrested for?

     b) object to the trial court's abuse of discretion in closing the courtroom to public access?

     c) to object to the prejudicial testimony relevant to the on scene identification of the Appellant?

- 5 -

> d) notify and communicate to the Appellant that Appellant's bail was reduced to nominal bail in further violation of the Appellant's right to a speedy trial?

Appellant's Brief at 4.

Our standard of review from the denial of PCRA relief is well settled. "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

In his first issue, Appellant suggests PCRA counsel deprived him of meaningful post-conviction because counsel addressed the sole issue raised in Appellant's *pro se* PCRA petition without further inquiry. "Thus," he contends, "PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness." Appellant's Brief at 8. As the PCRA court recognized, because Appellant is claiming "subsequent counsel was ineffective for not raising the ineffectiveness of a previous counsel, he or she must 'layer' his [] claims of ineffectiveness. In an allegation of layered ineffectiveness, the only viable claim is that related to the most recent counsel, which in this case is PCRA counsel." PCRA Court Opinion, 8/15/18, at 8-9 (citing *Commonwealth v. Edmiston*, 851 A.2d 883, 891 (Pa. 2004); *Commonwealth v. McGill*, 832 A.2d 1014, 1022 (Pa. 2003)).

As our Supreme Court explained in **Edmiston**,

> To prove an entitlement to relief in a case such as this—where direct appeal counsel is faulted for failing to raise claims sounding in the alleged ineffective assistance of trial counsel—the PCRA petitioner must plead and prove the **Strickland/Pierce**[1] test as to both his trial and direct appeal counsel. A failure to address each prong of the **Strickland/Pierce** test as to each level of counsel will result in dismissal of the claim.

**Edmiston**, 851 A.2d at 891.

Although Appellant cites **Strickland** and **Pierce** in his brief, **see** Appellant's Brief at 10, he does so in passing and does not address the prongs of the ineffectiveness test. Because Appellant has completely failed to develop a layered claim of ineffectiveness, his first issue fails.

---

[1] **Strickland v. Washington**, 466 U.S. 668 (1984); **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). The **Strickland/Pierce** test was summarized by our Supreme Court in **Commonwealth v. Simpson**, 66 A.3d 253 (Pa. 2013), as follows:

> [W]e apply a three-pronged test for determining whether trial counsel was ineffective, derived from our application in **Pierce**, [] 527 A.2d at 975, of the performance and prejudice test articulated by the United States Supreme Court in **Strickland**, 466 U.S. at 687[.] The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different. **Pierce**, [] 527 A.2d at 975. If a petitioner fails to prove any of these prongs, his claim fails.

**Id.** at 260 (citation omitted).

In his second issue, Appellant raises four claims of trial counsel ineffectiveness. We note that the first three of these claims were raised in Appellant's response to the PCRA court's Rule 907 notice. The fourth was first raised in Appellant's Rule 1925(b) statement.

As the PCRA court observed, "If the underlying or 'nested' claim of trial counsel ineffectiveness fails the three-part ineffectiveness test, then the derivative claim that subsequent counsel was ineffective necessarily fails." PCRA Court Opinion, 8/15/18, at 9 (citing **Edmiston**, 851 A.2d at 891; **McGill**, 832 A.2d at 1022-23). Although Appellant did not present a proper layered claim of ineffectiveness, the PCRA court explored each of Appellant's four assertions of trial counsel ineffectiveness and determined that each lacked merit. Again, to prove counsel ineffective, Appellant must show that his underlying claim is of arguable merit; that counsel had no reasonable basis for his action or inaction; and that Appellant petitioner suffered actual prejudice as a result. If Appellant fails to prove any of these prongs, his claim fails. **Simpson**, 66 A.3d at 260.

Appellant first complains trial counsel was ineffective for failing to investigate or interview witnesses at the scene. As the PCRA court recognized, "Appellant neither identified who those witnesses might be nor indicated that they possessed information that would have exculpated him." PCRA Court Opinion, 8/15/18, at 9-10 (citing **Commonwealth v. Auker**, 681 A.2d 1305, 1319 (Pa. 1996) (trial counsel cannot be found ineffective for failing to

investigate or call a witness without demonstrating that the testimony of that witness would be helpful to the defense)). Further, to prove ineffectiveness for failing to investigate or call a witness, a defendant must show that the witnesses existed, that they were available, that counsel knew or should have known of their existence, that the witnesses were prepared to cooperate and would have testified for the defendant, and that the absence of the testimony prejudiced the defendant. *Id.* at 10-11 (citing ***Commonwealth v. Pursell***, 724 A.2d 293, 306 (Pa. 1999)). ***See also Commonwealth v. Tharp***, 101 A.3d 736, 757 (Pa. 2014) (same). Here, Appellant simply refers to unnamed persons who were patrons of the nightclub on the night of the shooting. Appellant's Brief at 12-14. He asserts that counsel's failure even to "attempt to find/question the numerous known witnesses prior to trial is both shocking and inexcusable." *Id.* at 14. However, he has not identified these "known witnesses," and has not satisfied the remaining elements of the test outlined in ***Pursell*** and reiterated in ***Tharp***. Therefore, he cannot prove ineffectiveness for failing to investigate or call a witness.

Appellant next argues ineffectiveness for trial counsel's failure to object to the trial court's closing of the courtroom during his trial. As the PCRA court explained, "[A]fter a juror was approached and was told that one of the defendants was innocent, this court directed that the court room be temporarily [] closed so that the court could investigate the allegation and [] ascertain whether the incident tainted the jury." *Id.* at 11 (capitalization

omitted). "[T]he court simply conducted a colloquy of each juror on the record with defense counsel present to determine what, if any comment was made, to which juror, by who[m], and what effect it may have had on the juror." *Id.* at 12. The courtroom was then reopened to the public and remained open for the duration of the trial. *Id.* at 12 n.5. Appellant has not demonstrated that counsel was ineffective for failing to object to the action taken by the trial court to "impose reasonable limitations on access to a trial," as the court did in this instance. *See Commonwealth v. Berrigan*, 501 A.2d 226, 232 (Pa. 1985).

Appellant next complains that trial counsel was ineffective for failing to move for a mistrial or object to testimony relative to an on-scene identification of Appellant. The PCRA court explained that the claim lacked merit because Appellant failed to identify the testimony at issue. However, as the PCRA court also noted, Appellant raised a claim regarding the identification testimony on direct appeal "concerning what [the testifying officer] observed Pagan do after Appellant and his co-defendant were apprehended, namely, shake his head affirmatively." PCRA Court Opinion, 8/15/18, at 13. On direct appeal, this Court agreed with the Commonwealth that "any prejudicial effect of [the officer's] direct-examination testimony was insignificant, and could not have impacted the verdict when compared to the overwhelming circumstantial evidence that proved Appellant and [his co-defendant] committed the shooting." *Commonwealth v. Rodriguez-Diaz*, No. 1347 EDA 2015,

unpublished memorandum at 11 (Pa. Super. filed December 28, 2016). Citing corroborating evidence offered at trial, we concluded that "any error by the [trial] court in not striking [the officer's] testimony was harmless." *Id.* at 12. Because the issue has been previously litigated, we shall not consider it further.

In his fourth ineffectiveness claim, Appellant suggests trial counsel was ineffective for not notifying him that his bail had been reduced to nominal bail. As mentioned above, this claim was not raised in Appellant's response to the Rule 907 notice. Rather, it was first raised in Appellant's Rule 1925(b) statement. As such, it is waived. ***Commonwealth v. Smith***, 121 A.3d 1049, 1054-55 (Pa. Super. 2015). Even if not waived, the claim lacks merit. As the PCRA court notes, Appellant has not demonstrated that he was prejudiced by the alleged failure. PCRA Court Opinion, 8/15/18, at 13. "Appellant did not show or prove that the outcome of the trial would not have been different had he been told that he was entitled to nominal bail." *Id.* Further, to the extent Appellant "is claiming that his right to a speedy trial was violated because he was entitled to nominal bail, that claim was determined to lack merit[.]" *Id.* "[T]he version of Pa.R.Crim.P. 600 in effect at the time the crime herein was committed provided that the right to nominal bail . . . does not entitle a defendant to a discharge of his criminal matter after 180 days has passed." *Id.* at 13-14. Appellant's fourth issue does not afford him any basis for relief.

Appellant has failed to present a proper layered claim of ineffectiveness. Regardless, his underlying claims of trial counsel ineffectiveness either lack merit, are waived, or were previously litigated. Because the PCRA court's findings are supported by the record and its conclusions are free of legal error, we shall not disturb its denial of PCRA relief.

Order affirmed.

Judge Colins joins.

President Judge Emeritus Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19