J-S75008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD PASLEY | : | |
| | : | |
| Appellant | : | No. 3929 EDA 2017 |

Appeal from the PCRA Order November 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002577-2013

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 05, 2019**

Gerald Pasley appeals from the order dismissing his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46 without a hearing.  On various theories, Appellant claims the PCRA court denied him due process.  He also alleges ineffective assistance of trial counsel.  We affirm.

We derive the facts and procedural history of this case from the PCRA Court's opinion and our independent review of the certified record.

> On March 28, 2014, a jury convicted Appellant of first-degree murder, attempted murder, possession of an instrument of crime, carrying a firearm without a license and carrying a firearm in public in Philadelphia. On that date, Appellant was sentenced to life in prison without the possibility of parole. Appellant filed a timely appeal and the trial court subsequently issued its opinion. On August 4, 2015, the Superior Court affirmed the trial court's judgment of sentence. On February 2, 2016, the Supreme Court of Pennsylvania denied Appellant's allowance of appeal. On January 30, 2017, Appellant filed a PCRA petition. On July 28,

2017, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. On August 1, 2017, this Court filed and sent Appellant a dismissal notice under Rule 907. On August 3, 2017, Appellant filed a brief in opposition to this [c]ourt's 907 notice. On November 13, 2017, Appellant filed another response to this [c]ourt's 907 notice. On November 30, 2017, this [c]ourt formally dismissed Appellant's PCRA petition based upon lack of merit.

On November 30, 2017, Appellant filed a timely notice of appeal. On December 20, 2017, Appellant filed a Statement of Matters Complained of on Appeal, pursuant to this [c]ourt's order. This [c]ourt requested counsel to file a second Statement of Matters Complained of on Appeal because the first resembled the previously filed PCRA petition and did not fit the format of an issue statement. Appellant filed a Modified Statement of Matters Complained of on Appeal.

PCRA Court Opinion, 4/18/18, at 1-2 (footnotes and internal quotation marks omitted).

The shooting which resulted in Appellant's arrest and conviction occurred on December 4, 2012, at approximately 7:20 PM. The incident arose out of a romantic rivalry between Appellant and Rasan Smith for the same woman, Iesha Henry.[1] Appellant confronted Rasan on the street, argued with him, and fired a handgun at him several times, but missed. Instead, he hit a passing pedestrian, Solomon Jackson. Mr. Jackson died shortly afterward from a bullet wound to the upper chest. The firearm was never recovered.

---

[1] Rasan Smith and Appellant were both known by the street name "Black." **See** N.T. Trial, 3/26/14, at 14. There was a dispute over whether Rasan Smith was also known as "Hershey." Another Smith, Khalil, was involved in the case. Khalil Smith may have had a romantic relationship with Ms. Henry, too. Khalil Smith is also referred to as "Lil." To avoid possible confusion, we refer to Rasan Smith as "Rasan."

Police investigating the homicide scene located three sources of video surveillance which captured the incident. The videos recorded the confrontation, the assault, and the shooting. However, the police testified that the images on the videos, taken at night, were dark, of limited quality, and did not show faces. **See** N.T. Trial, 3/25/14, at 73-74; 79; and 90.

Rasan fled, but police tracked him down by a cell phone he dropped when he fell to the ground trying to dodge the bullets fired by Appellant. Two days after the shooting, Rasan gave a signed statement to Philadelphia police Detective David Schmidt. In his statement, Rasan claimed he had known Appellant for approximately a year. Rasan also unequivocally identified Appellant as the shooter.

Shortly after the incident, Rasan told Henry and a family friend, James Fanning, about being shot at by Appellant. At Appellant's trial, Rasan, by then in jail himself on an unrelated drug charge, recanted his prior, signed statement.[2] Rasan was subject to cross-examination. The written statement was read to the jury. Henry and Fanning both recanted as well.

Appellant presents four questions for our review on appeal:

I. Whether the PCRA court [judge] denied procedural due process when she based her analysis on the facts in the light most

---

[2] Specifically, at trial Rasan denied: (1) being shot at on December 4, 2012; (2) arguing with a man named Black; (3) identifying Black as Appellant; (4) having a disagreement with Khalil Smith; and (5) telling James Fanning about the shooting. **See Commonwealth v. Pasley**, No. 2532 EDA 2014, 2015 WL 6737731, at *3 (Pa. Super. unpublished memorandum filed August 4, 2015).

favorable to the Commonwealth as the verdict winner instead of basing her analysis on the totality of the evidence as required by **STRICKLAND v. WASHINGTON**?[3]

II. Whether the PCRA court [judge] denied procedural due process when she refused to hold an evidentiary hearing to take testimony from defense counsel?

III. Whether the PCRA court [judge] erred when she found that trial counsel was not ineffective when trial counsel failed to object to the trial court's refusal to give a **KLOIBER**[4] instruction even though all of the evidence indicated it was too dark to identify the shooter?

IV. Whether a conviction based on the unsworn and unreliable statement of Rasan Smith is a violation of the right to due process of law?

Appellant's Brief, at 2 (bracketed material added; unnecessary capitalization omitted).

Our standard and scope of review for the dismissal of a petition seeking PCRA relief is well-settled.

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a **light most favorable** to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's

---

[3] **Strickland v. Washington**, 466 U.S. 668 (1984).

[4] **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954). As more fully developed below, a **Kloiber** charge is an instruction to the jury that an eyewitness identification should be viewed with caution when certain circumstances exist. **See Commonwealth v. Ali**, 10 A.3d 282, 303 (Pa. 2010).

credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. The denial of an appellant's request for discovery is reviewed for abuse of discretion.

To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, any one of which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i) and (ii). Further, the petitioner must show that the allegation of error has not been previously litigated or waived pursuant to Pa.C.S. § 9543(a)(3)[.]

An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. A PCRA claim is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

[ ] Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of the *Strickland*/*Pierce* test will defeat an ineffectiveness claim.

*Commonwealth v. Mason*, 130 A.3d 601, 617–18 (Pa. 2015) (case citations and footnote omitted) (emphasis added).

Here, in Appellant's first claim, he assigns error to the PCRA court for viewing the evidence in the light most favorable to the Commonwealth as verdict winner. *See* Appellant's Brief, at 2. Appellant asserts that the PCRA court should have based its analysis on the totality of the evidence. *See* Appellant's Brief, at 2. "A court hearing an ineffectiveness claim must consider the totality of the evidence" that was presented to the fact-finder. *Strickland v. Washington*, 466 U.S. 668, 695, 104 S. Ct. 2052, 2069 (1984). Appellant fails to acknowledge that the Supreme Court of the United States was discussing the evaluation of prejudice in this passage. *See id*., 466 U.S. at 695-696, 104 S. Ct. at 2068-2069.

Further, Appellant fails to develop an argument that the PCRA court utilized the wrong standard of review. *See* Appellant's Brief, at 11-16. He also fails to identify what evidence, if any, the court purportedly overlooked.[5] Nor does he identify how the trial court's review of the evidence caused him any prejudice.

---

[5] We note that Appellant raises his *Kloiber* claim in each of his first three questions. *See* Appellant's Brief, at 12-14, 17-19, 19-21. We observe that there is no obvious intrinsic connection between the *Kloiber* claims and the "light most favorable" claim or the "totality of the evidence" claim. Nor does Appellant develop one.

On independent review, we conclude the PCRA court did not ignore any evidence in its review. Finally, the PCRA court never reached the issue of prejudice. As a result, Appellant's argument based on *Strickland* merits no relief.

In his second claim, Appellant asserts the PCRA court erred in not holding an evidentiary hearing on his claims. *See* Appellant's Brief, at 2. *See* Appellant's Brief, at 19. He argues the PCRA court was required to hold a hearing to determine whether counsel had a reasonable basis for not filing a brief in support of his *Kloiber* instruction request.

Our standard of review is well-settled.

> A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (internal quotation marks and citations omitted). Generally, a PCRA court should not address the second prong of the *Strickland* test, whether counsel had a reasonable strategy for his decision, in the absence of an evidentiary hearing. *See Commonwealth v. McGill*, 832 A.2d 1014, 1023 (Pa. 2003) (concluding that cases where counsel's strategy is obvious from the record are rare).

Here, however, the PCRA court never reached the issue of reasonable strategy. Instead, the court's conclusion is based upon its determination that Appellant failed to establish the first prong of the *Strickland* test: whether the legal basis for the claim has arguable merit. A PCRA court is entitled to dismiss, without a hearing, a claim of ineffective assistance of counsel based upon a conclusion that it lacks any legal merit. *See Commonwealth v. Collins*, 957 A.2d 237, 264 (Pa. 2008).

Furthermore, a petitioner may not raise new, non-PCRA counsel ineffectiveness claims in his response to the PCRA court's Rule 907 notice. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012). To properly preserve new, non-PCRA counsel ineffectiveness claims, a petitioner must seek leave to amend his petition. *See id*.

Here, Appellant originally claimed, in error, that defense counsel failed to request a *Kloiber* instruction at all. *See* PCRA Petition, 1/30/17, at 11-12. The Commonwealth called attention to that factual error in its motion to dismiss. *See* Motion to Dismiss, 7/28/17, at 4-5. In response to the Commonwealth's motion, the PCRA court issued its notice of intent to dismiss the petition under Pa.R.Crim.P. 907.

Appellant responded to the PCRA court's notice with two separate filings. In each, he acknowledged that trial counsel requested a *Kloiber* instruction. *See*, *e.g.*, Motion for Withdrawal of Premature and Insufficient 907 Notice, 8/3/17, at 6 ("The transcript indicates that defense counsel asked for [a

***Kloiber*** instruction] but does not state that defense counsel provided legal authority for the requested instruction in light of all the facts"). Therefore, Appellant's responses to the 907 notice sought to revise his claim to assert that trial counsel failed to support the request for a ***Kloiber*** instruction with reasonably persuasive authority. ***See id***.

There is no indication in the record that Appellant sought leave to amend his petition after the Commonwealth's motion to dismiss. His inclusion of the amended issue in his response to the Rule 907 notice therefore did not preserve his amended issue. Since he did not preserve the revised argument, we conclude he has waived this claim.

Further, Appellant has failed to frame his argument for ineffectiveness in terms of the three-pronged ***Strickland***/***Pierce*** test. Failure to establish any prong of the ***Strickland***/***Pierce*** test will defeat an ineffectiveness claim. ***See Mason***, 130 A.3d at 617–18. Appellant entirely fails to address the arguable merit prong of the ***Strickland***/***Pierce*** test in any of his issues. Accordingly, his infectiveness claim is waived on these grounds as well.

Even if it were not waived, we would conclude that Appellant's claim is meritless. "Counsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted). As noted above, Appellant does not address this requirement. We can find no error in the PCRA court's conclusion that this

requirement is dispositive of all of Appellant's ineffective assistance of trial counsel claims based on **Kloiber**.

> A **Kloiber** charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty making an identification in the past. However, when the witness already knows the defendant, this prior familiarity creates an independent basis for the witness's in-court identification of the defendant and weakens ineffectiveness claims based on counsel failure to seek a **Kloiber** instruction.

**Commonwealth v. Reid**, 99 A.3d 427, 448 (Pa. 2014) (citations, internal quotation marks and other punctuation omitted).

Here, notwithstanding any limitations in the quality of the various video surveillance tapes, Appellant and the intended victim were acquaintances and romantic rivals. There was no substantial question of whether or not Rasan recognized Appellant, or had any difficulty in identifying him as his would-be assailant. Rasan told police he had known Appellant for approximately one year before the shooting. Further, he claimed that he and Appellant conversed before Appellant began opening fire. We note further that Appellant's assertion that it was too dark to identify the shooter focuses exclusively on the limitations of the videotape and ignores the Rasan's capacity to identify his assailant.

Under these circumstances, Appellant cannot establish that his claim had arguable merit. Specifically, he could not establish that any amount of briefing or further argument would have caused the trial court to issue a **Kloiber** charge. The PCRA court did not reach the issue of reasonable trial

strategy, and properly exercised its discretion in denying an evidentiary hearing. Appellant's second claim does not merit relief.

Next, Appellant claims that trial counsel was ineffective in failing to object to the trial court's refusal to give the instruction. He argues trial counsel should have preserved an objection to the trial court's refusal to give a requested *Kloiber* instruction. He maintains that there was a reasonable probability that if trial counsel had preserved the objection to the refusal of a *Kloiber* charge, this Court would have reversed the conviction and judgment of sentence. However, as discussed previously, on review we conclude that the PCRA court properly acted well within its discretion in deciding that the *Kloiber* instruction did not apply. Appellant cannot establish arguable merit for this claim.

Accordingly, Appellant fails to establish arguable merit for his *Kloiber* claims. Appellant's ineffective assistance of trial counsel claims are waived, and would not merit relief in any event.

Finally, in his fourth claim, Appellant challenges the use of "the unsworn and unreliable statement of Rasan Smith[.]" Appellant's Brief, at 2. This issue is waived.

Appellant does not couch this claim in terms of ineffective assistance of counsel. Rather, he posits that the use of Rasan's out-of-court statements constitute a violation of Appellant's due process rights. *See* Appellant's Brief, at 21.

This claim could have been raised on direct appeal. ***See Commonwealth v. Henkel***, 938 A.2d 433, 442-445 (Pa. Super. 2007) (addressing due process challenge to evidentiary rulings of trial court on direct appeal). Appellant did not do so. "An issue is waived if appellant could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." ***Reid***, 99 A.3d at 435–36 (citations and internal quotation marks omitted).

Moreover, the claim would not merit relief. It is well-settled that:

> [T]he prior inconsistent statements of witnesses—who have testified at trial and were subject to cross-examination so that the finder-of-fact could hear the witnesses' explanations for making the out-of-court statements, and for their trial recantation—[are] sufficient evidence upon which a criminal conviction may properly rest if the finder-of-fact could, under the evidentiary circumstances of the case, reasonably credit those statements over the witness's in-court recantations.

***Commonwealth v. Brown***, 52 A.3d 1139, 1168 (Pa. 2012). Pennsylvania's rules allow for the substantive use of prior inconsistent statements under a wider array of circumstance than the federal rules of evidence. ***See Henkel***, 938 A.2d at 443. Thus, Appellant's arguments based on federal case law are unavailing.

The ***Brown*** Court explained the reasoning behind Pennsylvania's rule on the substantive use of prior inconsistent statements:

> In sum, then, our review of authority from the United States Supreme Court and our Court, as well as our consideration of jurisprudence from other states which reject a *per se* rule, coupled with our over quarter-century of experience with the use of prior inconsistent statements as substantive evidence by the courts of

this Commonwealth, convinces us that criminal convictions which rest only on prior inconsistent statements of witnesses who testify at trial do not constitute a deprivation of a defendant's right to due process of law, as long as the prior inconsistent statements, taken as a whole, establish every element of the offense charged beyond a reasonable doubt, and the finder-of-fact could reasonably have relied upon them in arriving at its decision. Prior inconsistent statements, which meet the requirements for admissibility under Pennsylvania law,[a] must, therefore, be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction.

_____

a. These requirements are that the witness who gave the prior inconsistent statement testify at trial and be subject to cross-examination regarding the statement, and, also, that the witness's previous inconsistent statement was "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) (sic) is a writing signed and adopted by the declarant, or (c) is a verbatim contemporaneous recording of an oral statement." Pa.R.E. 803.1(1).

*Id.* at 1170–71. Further, Pennsylvania's rule allowing for the substantive use

of signed prior inconsistent statements does not violate due process. ***See id*.,**

at 1171.

As none of Appellant's issues on appeal merit relief, we affirm the order

dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/19